[Cite as *Vacha v. N. Ridgeville*, 2011-Ohio-2446.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

LISA VACHA

    Appellee

v.

NORTH RIDGEVILLE, OHIO (CITY OF),
et al.

    Appellants

C.A. No.     10CA009750

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    08CV156999

DECISION AND JOURNAL ENTRY

Dated: May 23, 2011

Per Curiam.

{¶1}    Appellant, the city of North Ridgeville, appeals from a judgment of the Lorain County Court of Common Pleas that denied its motion for summary judgment on its defense that it was immune from civil liability to its former employee, Lisa Vacha. This Court affirms in part and reverses in part.

I.

{¶2}    On June 2, 2006, Lisa Vacha was raped by a coworker, Charles Ralston, while she was working a shift with him at the French Creek Wastewater Treatment Plant, which is owned and operated by the city of North Ridgeville. Shortly after the incident, Vacha applied for worker's compensation benefits, seeking recovery for the physical and psychological injuries that she sustained in the attack. Although the specific details of her workers' compensation claim are not clear from the record, Vacha's application was approved and she was granted permanent total disability benefits.

{¶3} Vacha later filed this action against the city, alleging that it was liable for her injuries that resulted from the rape, on theories that included vicarious liability, negligent and reckless hiring and supervision of Ralston, and that the city committed an employer intentional tort by employing Ralston. The city eventually moved for summary judgment on all of Vacha's claims. It asserted, among other things, that it was entitled to immunity under R.C. 4123.74 and/or R.C. 2744.02. Although the trial court granted the city summary judgment on Vacha's claims for vicarious liability, it denied the city's motion for summary judgment on her remaining claims. The trial court found that there were genuine issues of material fact on those claims, implicitly rejecting the city's immunity defenses. Pursuant to R.C. 2744.02(C), the city appealed the trial court's denial of its immunity defenses, raising two assignments of error.

## II.

### ASSIGNMENT OF ERROR I

"THE LOWER COURT ERRED WHEN IT DENIED THE APPELLANT/CITY OF NORTH RIDGEVILLE THE BENEFIT OF IMMUNITY UNDER R.C. CHAPTER 4123."

{¶4} The city's first assignment of error is that the trial court erred in denying its motion for summary judgment on Vacha's remaining claims because it was entitled to immunity under R.C. 4123.74, which provides that worker's compensation is an employee's exclusive remedy against her employer for workplace injuries. For ease of discussion, this Court will address Vacha's claims based on the city's alleged negligence and recklessness separately from her employer intentional tort claim.

### Negligent and Reckless Hiring and Supervision

{¶5} The city first argued that it was immune from liability for Vacha's claims for negligent and reckless hiring and supervision of Ralston. R.C. 4123.74 provides that employers

who are in full compliance with their obligation to pay workers' compensation premiums "shall not be liable to respond in damages" for "any injury *** received or contracted by any employee in the course of or arising out of his employment[.]"  The statute is a codification of the principle set forth in Section 35, Article II of the Ohio Constitution that workers' compensation benefits will be an employee's exclusive remedy against her employer for workplace injuries and provides, in part:

> "Such compensation shall be in lieu of all other rights to *** damages, for such *** injuries *** and any employer who pays the premium or compensation provided by law *** shall not be liable to respond in damages at common law or by statute for such *** injuries[.]"

{¶6}    The philosophy behind the exclusivity of the worker's compensation system is to balance the competing interests of employer and employee "'whereby employees relinquish their common law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common law defenses and are protected from unlimited liability.'"  *Bunger v. Lawson Co.* (1988), 82 Ohio St.3d 463, 465, quoting *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.2d 608, 614.

{¶7}    At the time Vacha was assaulted by Ralston, R.C. 4123.01(C) defined the term "injury" for purposes of the workers' compensation act to include: "any injury *** received in the course of, and arising out of, the injured employee's employment."  It further provided that "'[i]njury" does not include ***[p]sychiatric conditions except where the conditions have arisen from an injury or occupational disease[.]"  The Ohio Supreme Court has repeatedly construed this provision to mean that a psychiatric condition does not constitute a compensable "injury" under the workers' compensation system unless it accompanies a physical injury.  See, e.g., *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, at paragraph one of the syllabus; *Kerans v. Porter Paint Co.* (1991), 61 Ohio St.3d 486.

{¶8} To support its motion for summary judgment under R.C. 4123.74, the city pointed to evidence that it was in full compliance with the payments of its workers' compensation premiums and that Vacha had sustained an "injury" within the meaning of the worker's compensation act because she had applied for workers' compensation benefits and her claim had been approved. It specifically pointed to evidence that the sexual assault had caused Vacha to sustain both physical and psychological injuries, that she applied for workers' compensation benefits for those injuries, that her workers' compensation claim had been approved, and that she was receiving permanent total disability benefits. Vacha admitted in her answers to interrogatories and when deposed by defense counsel that she had sustained physical injuries during the rape that included bruises, muscle soreness, chipped teeth, and an injured right shoulder. She testified that, after the rape, she "was so sore that [she] was bedridden for four days" and that she had her shoulder x-rayed five days after the rape because she thought that Ralston had dislocated it. Vacha further explained that she had been regularly seeing a psychologist and a psychiatrist, who had prescribed an antidepressant and sleep aid, and that all of those expenses are covered by her worker's compensation benefits.

{¶9} In opposition to the city's motion for summary judgment, Vacha did not dispute that the city was in full compliance with the payments of its workers' compensation premiums or that her workers' compensation claim had been approved for her to receive permanent total disability benefits for her injuries. Instead, she made a legal argument that her injury was not an "injury" as that term is defined in R.C. 4123.01(C)(1). She did not argue that her workers' compensation claim had been wrongly decided, however, nor did she cite any legal authority for the underlying premise of her argument that the same injury could fall within this definition for purposes of qualifying for workers' compensation benefits but outside of it for purposes of her

employer's immunity for civil suits. There is but one definition of "injury" in R.C. Chapter 4123; if an employee's "injury" is compensable within the workers' compensation system, the employer is consequently immune from a civil action by the employee for negligently or recklessly causing the injury.

{¶10} Vacha relied primarily on distinguishable case law such as *Kerans*, supra, in which the Court found that R.C. 4123.74 did not bar Kerans' civil claim against her employer because she had sustained a purely psychological injury that did not qualify for workers' compensation benefits. 61 Ohio St.3d at 488-489.[1] The *Kerans* court emphasized that employees who suffer purely psychological injuries caused by their employers' negligence would be left without any remedy if their only recourse were the workers' compensation system for which they do not qualify:

> "[I]n order for this court to find that the workers' compensation statute provides the exclusive remedy for appellant's injury, we must find that it is theoretically possible for her to recover under the statute, *i.e.,* that she has suffered the type of injury which is compensable under the statute." (Emphasis sic.) 61 Ohio St.3d at 431, fn.2.

{¶11} Likewise, in *Bunger*, 82 Ohio St.3d at 465, it was critical to the court's decision that Bunger's workers' compensation claim for purely psychological injuries had been denied because there had been no physical, compensable "injury" under R.C. 4123.01(C). Because the injuries sustained by Bunger and Kerans did not satisfy the definition of "injury" under R.C. 4123.01(C)(1), those employees did not qualify for workers' compensation benefits and,

---

[1] Although Vacaha also relied on *Prewitt v. Alexson Servs., Inc.*, 12th Dist. No. 2007-09-218, 2008-Ohio-4306, we are not persuaded by its reasoning, which is at odds with a prior decision of this Court. See *Luo v. Gao*, 9th Dist. No. 23310, 2007-Ohio-959 (rejecting the argument that an "injury" must be accidental to qualify for workers' compensation benefits, the basic premise of the *Prewitt* decision).

therefore, R.C. 4123.74 did not provide their employers with immunity from their civil actions for damages.

{¶12} Those employers were not immune from liability for the employees' injuries because the injuries were not compensable within the workers' compensation system:

> "If a psychological injury is not an injury according to the statutory definition of 'injury,' then it is not among the class of injuries from which employers are immune from suit. Any other interpretation is nonsensical, and leads to an untenable position that is unfair to employees." 82 Ohio St.3d at 465.

{¶13} Conversely, if an employee's "injury" does qualify for workers' compensation coverage, that remedy is exclusive and the employer is immune from civil action liability arising out of an allegation that the employer was negligent or reckless in causing the employee's injury. That is the only reasonable interpretation of the language of R.C. 4123.74 and 4123.01(C) and any other interpretation would be unfair to the employer in the overall balance of competing interests in the workers' compensation system.

{¶14} Because it was not disputed that Vacha's injuries qualified for compensation under the workers' compensation system and that she was, in fact, receiving permanent total disability benefits, there was no genuine issue of material fact that the city was immune from Vacha's claims for negligent and reckless hiring and supervision of Ralston. Therefore, the trial court erred in denying the city's motion for summary judgment under R.C. 4123.74 on those claims.

**Employer Intentional Tort Claim**

{¶15} The city conceded that an employee's claim for an employer intentional tort does not occur in the course of or arise out of employment and, therefore, is not barred by R.C. 4123.74. See, e.g., *Brady v. Safety-Kleen Corp.* (1991)*,* 61 Ohio St.3d 624, paragraph one of the syllabus, approving and following *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982)*,*

69 Ohio St.2d 608. It argued in its summary judgment motion, however, that Vacha could not prove that the city committed an employer intentional tort, citing the common law standard for an employer intentional tort set forth in *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115. The trial court found that there were genuine issues of material fact as to whether Vacha could establish a common law employer intentional tort claim against the city.

{¶16} On appeal, the city does not argue that the trial court wrongly determined that there were factual issues under the common law intentional tort standard. Instead, it argues that this Court should apply the more stringent standard for establishing an employer intentional tort set forth in R.C. 2745.01, because, since the trial court ruled on the summary judgment motions, the Ohio Supreme Court held that the statute is constitutional. See *Kaminski v. Metal & Wire Prods. Co.,* 125 Ohio St.3d 250, 2010–Ohio–1027.

{¶17} Although the current version of R.C. 2745.01 was in effect at the time of Vacha's injury, and it had not been declared unconstitutional by this appellate court, the city did not mention R.C. 2745.01 in its motion for summary judgment. The trial court had no authority to grant summary judgment on a ground that the city failed to raise in its motion for summary judgment. See *Smith v. Ray Esser & Sons*, *Inc*., 9th Dist. No. 10CA009798, 2011-Ohio-1529, at ¶14-17 (fully addressing the impropriety of a defendant raising the statutory standard for the first time in its summary judgment reply brief). Therefore, the city has failed to demonstrate that the trial court erred in denying it summary judgment on Vacha's employer intentional tort claim.

{¶18} The city's first assignment of error is sustained insofar as it challenges the trial court's denial of its motion for summary judgment on Vacha's claims for the negligent and reckless hiring, employment, and supervision of Ralston, as alleged in counts two and four of her amended complaint. To the extent that the city challenges the denial of summary judgment on

Vacha's employer intentional tort claim, as alleged in count five of her complaint, the first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"THE LOWER COURT ERRED WHEN IT DENIED THE APPELLANT/CITY OF NORTH RIDGEVILLE THE BENEFIT OF IMMUNITY UNDER R.C. CHAPTER 2744."

{¶19} The city also argues that the trial court erred in denying its motion for summary judgment on Vacha's employer intentional tort claim because it was entitled to immunity under R.C. 2744.02. According to the city, it is immune from civil actions seeking to recover damages, except as provided in R.C. 2744.02(B), none of which apply here. Vacha responded in opposition to the summary judgment motion and argued, among other things, that R.C. 2744.09(B) explicitly provides that R.C. Chapter 2744 political subdivision tort immunity does not apply to "[c]ivil actions by an employee *** against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision[.]"

{¶20} The city maintained that, as a matter of law, the "civil actions" that are within the scope of R.C. 2744.09(B) do not include employer intentional torts. It relied on a line of cases including *Ellithorp v. Barberton City School Dist. Bd. of Edn.* (July 9, 1997), 9th Dist. No. 18029, in which this Court held that an employer intentional tort claim does not fall within R.C. 2744.09(B) because "[a]n employer's intentional tort against an employee does not arise out of the employment relationship, but occurs outside of the scope of employment." Id., citing *Brady*, 61 Ohio St.3d at paragraph one of the syllabus.

{¶21} Since *Ellithorp* was decided, the Ohio Supreme Court decided *Penn Traffic Co. v. AIU Ins. Co.,* 99 Ohio St.3d 227, 2003-Ohio-3373, in which it determined that an employer's

intentional torts fall within an exclusion in the employer's commercial general liability insurance policy for injuries to an employee that arise out of or in the course of employment. Id. at ¶38 and 42. During its examination of this policy exclusion, the court distinguished its reasoning from *Brady*, *Blankenship*, and other workers' compensation cases about whether employer intentional torts occur within the scope of the employment relationship and/or arise out of or in the course of employment, emphasizing the significance that those decisions arose within the context of the workers' compensation system. Id. at ¶39-40.

{¶22} After the Ohio Supreme Court decided *Penn Traffic*, this Court was asked to reexamine its *Ellithorp* decision. See *Buck v. Reminderville*, 9th Dist. No. 25272, 2010-Ohio-6497. In *Buck*, at ¶16, this Court explicitly overruled *Ellithorp* to the extent that it held that a political subdivision employer's intentional tort can never be subject to the immunity exclusion of R.C. 2744.09(B). This Court concluded "that a claim by the employee of a political subdivision against the political subdivision for its intentionally tortious conduct may constitute a 'civil action[ ] *** relative to any matter that arises out of the employment relationship between the employee and the political subdivision' under Section 2744.09(B)." Id. at ¶10.

{¶23} Because Vacha's employer intentional tort claim may constitute a claim within the scope of R.C. 2744.09(B), the city failed to establish that it was entitled to summary judgment on that claim based on the immunity provisions of R.C. Chapter 2744. Consequently, the trial court did not err in denying it summary judgment on that basis. The city's second assignment of error is overruled.

III.

{¶24} The city's first assignment of error is sustained to the extent it challenges the trial court's denial of its motion for summary judgment on Vacha's claims for negligent and reckless

hiring and supervision of Ralston. The remainder of its first assignment of error, as well as its second assignment of error, are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part and the cause is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to both parties equally.

CLAIR E. DICKINSON
FOR THE COURT

DICKINSON, P. J.
BELFANCE, J.
CONCUR

CARR, J.
CONCURS IN PART, AND DISSENTS IN PART, SAYING:

{¶25} I respectfully dissent from the majority's conclusion that Vacha's employer intentional tort claim may fall within the scope of R.C. 2744.09(B) and that, therefore, the city was not entitled to summary judgment under the immunity provisions of R.C. Chapter 2744. As I stated in my dissenting opinion in *Buck v. Reminderville*, 9th Dist. No. 25272, 2010-Ohio-6497, at ¶18, I believe that political subdivisions are immune from employer intentional tort claims, as held by this Court in *Ellithorp v. Barberton City School Dist. Bd. of Edn.* (July 9, 1997), 9th Dist. No. 18029, and *Dolis v. Tallmadge,* 9th Dist. No. 21803, 2004-Ohio-4454, at ¶ 6. For that reason, I would sustain the city's second assignment of error. I concur in the remainder of the majority opinion.

APPEARANCES:

JOHN T. MCCLANDRICH, JAMES A. CLIMER, and FRANK H. SCIALDONE, Attorneys at Law, for Appellant.

ANDREW CRITES, Law Director, for Appellant.

JOHN HILDERBRAND, SR., Attorney at Law, for Appellee.