French, J.
{¶ 1} This certified-conflict and discretionary appeal presents the following two issues: (1) whether R.C. 2744.09(B), an exception to political-subdivision immunity from tort liability, applies to employer-intentional-tort claims by a political subdivision’s employee and (2) whether appellant, the city of North Ridgeville, was entitled to summary judgment on its former employee’s employer-intentional-tort claim, based on political-subdivision immunity. Consistent with Sampson v. Cuyahoga Metro. Hous. Auth., 131 Ohio St.3d 418, 2012-Ohio-570, 966 N.E.2d 247, we hold that R.C. 2744.09(B) may apply to an employer-intentional-tort claim by a political subdivision’s employee, and we hold that North Ridgeville was not entitled to summary judgment on the intentional-tort claim brought by appellee, Lisa Vacha, here. Accordingly, we affirm the court of appeals’ judgment.

Facts and Procedural History

{¶ 2} In March 2000, North Ridgeville hired Vacha as a helper in its French Creek Wastewater Treatment Plant. As a helper, Vacha’s duties included basic plant maintenance and water testing. North Ridgeville later promoted Vacha to the position of unlicensed operator. An unlicensed operator has the same duties as a helper but is also responsible for meter readings.
{¶ 3} In 2004, North Ridgeville posted a job opening for another helper at the French Creek plant. The North Ridgeville mayor, G. David Gillock, asked Charles Ralston to apply for the helper position at the French Creek plant and asked the plant superintendent, Donald Daley, to grant Ralston an interview. Ralston, the father of two of Mayor Gillock’s grandchildren, was unemployed and in arrears with his child support. Mayor Gillock had known Ralston for about eight years and was aware that his daughter had twice called the police on *200 Ralston for domestic violence. The mayor did not, however, know that Ralston had a criminal record.
{¶ 4} Ralston applied for the helper position at the French Creek plant. North Ridgeville inquires about felonies on its employment application, but it does not conduct a criminal-background check before hiring an employee unless the position requires security or leadership. In his employment application, Ralston truthfully answered that he did not have a felony record. Between 1994 and 1999, however, Ralston was convicted of misdemeanor domestic violence, assault, and disorderly conduct. Daley interviewed Ralston, but did not ask whether Ralston had a criminal record. Daley was pleased with Ralston’s interview, and North Ridgeville hired him for the helper position.
{¶ 5} Ralston worked at the French Creek plant from March 2004 to June 2, 2006. During Ralston’s employment at the plant, Vacha worked as an unlicensed operator. At some point, Vacha and Ralston had a verbal altercation after Vacha complained about Ralston’s wife driving onto the plant grounds. After that altercation, however, Vacha and Ralston worked together without incident (until the event underlying this case) and occasionally socialized outside of work. Vacha occasionally drove Ralston to work. From January 2006 to June 2, 2006, Vacha and Ralston worked the 4:00 p.m. to 2:00 a.m. shift together, generally alone and unsupervised.
{¶ 6} On June 2, 2006, Vacha picked Ralston up and drove him to the plant for the night shift. During their shift, Vacha permitted Ralston to drive her truck to purchase beer. ■ After returning to the plant, Ralston raped and assaulted Vacha. Vacha fled the plant on foot and reported the rape to the police. Ralston was convicted of rape and sentenced to prison.
{¶ 7} In June 2008, Vacha filed this action against Ralston and North Ridge-ville in the Lorain County Court of Common Pleas. In her amended complaint, Vacha brought claims against Ralston for damages resulting from the assault and rape and for intentional infliction of emotional distress. Vacha alleged the following four claims for relief against North Ridgeville: (1) negligent hiring and supervising of Ralston, (2) vicarious liability for Ralston’s actions, (3) reckless hiring and supervision of Ralston, and (4) intentional, willful, and wanton disregard of the safety of others in selecting, supervising, and controlling Ralston — an employer intentional tort.
{¶ 8} North Ridgeville moved for summary judgment, claiming immunity from tort liability under R.C. Chapters 2744 and 4123. The trial court granted summary judgment in North Ridgeville’s favor on Vacha’s vicarious-liability claim, but denied the city’s motion for summary judgment on Vacha’s intentional-tort claim and her claims for negligent and reckless hiring and supervision. North Ridgeville appealed pursuant to R.C. 2744.02(C), which provides that an *201 order denying a political subdivision the benefit of an alleged immunity from liability is a final order.
{¶ 9} The Ninth District Court of Appeals held that Ohio workers’ compensation law, R.C. Chapter 4123, precluded recovery on Vacha’s claims for negligent and reckless hiring and supervision, and it reversed the trial court’s denial of summary judgment on those claims. On the other hand, the court of appeals affirmed the denial of North Ridgeville’s motion for summary judgment on Vacha’s employer-intentional-tort claim. The court held that because an intentional tort may arise out of the employment relationship between a political subdivision and its employee, North Ridgeville did not establish that it was entitled to immunity as a matter of law on that claim. Id. at ¶ 22-23.
{¶ 10} The court of appeals certified that its decision conflicts with Zieber v. Heffelfinger, 5th Dist. Richland No. 08CA0042, 2009-Ohio-1227, 2009 WL 695533; Williams v. McFarland Properties, L.L.C., 177 Ohio App.3d 490, 2008-Ohio-3594, 895 N.E.2d 208 (12th Dist.); Coats v. Columbus, 10th Dist. Franklin No. 06AP-681, 2007-Ohio-761, 2007 WL 549462; and Villa v. Elmore, 6th Dist. Lucas No. L-05-1058, 2005-Ohio-6649, 2005 WL 3440787. We agreed that a conflict exists and also accepted jurisdiction over North Ridgeville’s discretionary appeal regarding Vacha’s intentional-tort claim. Vacha v. N. Ridgeville, 129 Ohio St.3d 1487, 2011-Ohio-5129, 954 N.E.2d 661; 129 Ohio St.3d 1488, 2011-Ohio-5129, 954 N.E.2d 661. We consolidated the appeals and held them for Sampson, 131 Ohio St.3d 418, 2012-Ohio-570, 966 N.E.2d 247. Id. Following our decision in Sampson, we sua sponte ordered the parties to brief the certified-conflict question: “Does R.C. 2744.09 create an exception to Political Subdivision Immunity for intentional tort claims alleged by a public employee?” Vacha v. N. Ridgeville, 131 Ohio St.3d 1537, 2012-Ohio-2025, 966 N.E.2d 892.

Analysis

{¶ 11} This appeal concerns only Vacha’s employer-intentional-tort claim, in which she alleged that North Ridgeville “acted intentionally with willful, wanton disregard for the safety of others, in selecting, supervising or otherwise controlling” Ralston. To recover for an employer intentional tort, an injured employee must prove that “the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.” R.C. 2745.01(A). As used in that statute, “ ‘substantially certain’ means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.” R.C. 2745.01(B).
{¶ 12} North Ridgeville argued that it was entitled to summary judgment on Vacha’s intentional-tort claim because it was immune from liability under R.C. Chapter 2744. The Ohio Political Subdivision Tort Liability Act, R.C. Chapter 2744, provides that political subdivisions are generally immune from liability for *202 damages in civil actions: “Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.” R.C. 2744.02(A)(1). North Ridgeville is a political subdivision for purposes of the act, and none of the exceptions in R.C. 2744.02(B) apply. The Political Subdivision Tort Liability Act, however, does not apply to “[c]ivil actions by an employee * * * against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision.” (Emphasis added.) R.C. 2744.09(B). The purpose of R.C. 2744.09(B) is to protect public employees by allowing them to recover against their employers, who would otherwise be entitled to immunity under R.C. Chapter 2744. Sampson, 131 Ohio St.3d 418, 2012-Ohio-570, 966 N.E.2d 247, at ¶ 13.
{¶ 13} North Ridgeville’s entitlement to immunity on Vacha’s employer-intentional-tort claim depends upon the applicability of R.C. 2744.09(B). In its motion for summary judgment, North Ridgeville argued that intentional torts do not arise out of the employment relationship between a political subdivision and its employee and that political-subdivision immunity therefore applies. The court of appeals, however, held that Vacha’s intentional-tort claim “may constitute a claim within the scope of R.C. 2744.09(B)” and found that North Ridgeville did not establish that it was entitled to immunity as a matter of law. 2011-Ohio-2446, 2011 WL 1992041, at ¶ 23.
{¶ 14} After the court of appeals issued its decision in this case, we addressed the applicability of R.C. 2744.09(B) to employer-intentional-tort claims by public employees in Sampson. Like this case, Sampson stemmed from a denial of a political subdivision’s motion for summary judgment.
{¶ 15} In Sampson, a plumber employed by the Cuyahoga Metropolitan Housing Authority (“CMHA”) sued CMHA for various intentional-tort and negligence claims. Sampson, 131 Ohio St.3d 418, 2012-Ohio-570, 966 N.E.2d 247, at ¶ 2, 6. Sampson’s claims arose from his. arrest by CMHA, during work hours and on CMHA property, for felony theft in office and misuse of CMHA credit cards. Id. at ¶ 2-4, 6. CMHA terminated Sampson’s employment after a grand jury indicted him. Id. at ¶ 4. After failing to subpoena a witness from the credit-card company, the county prosecutor dismissed the charges against Sampson prior to trial, with prejudice. Id. Following arbitration on a grievance filed by Sampson, CMHA reinstated Sampson to his former position with back wages, benefits, and seniority, but Sampson resigned, finding the atmosphere intolerable upon his return to work. Id. at ¶ 5.
*203 {¶ 16} CMHA claimed immunity from liability under R.C. Chapter 2744 on all of Sampson’s claims. Id. at ¶ 6. With respect to Sampson’s intentional-tort claims, CMHA relied on a principle from workers’ compensation law, set forth in Blankenship v. Cincinnati Milacron Chems., Inc., 69 Ohio St.2d 608, 433 N.E.2d 572 (1982), that intentional torts necessarily occur outside of, and cannot arise from, the employment relationship. Sampson at ¶ 12. Based on that principle, CMHA argued that R.C. 2744.09(B) did not strip it of an immunity defense. Id. Sampson responded that his claims, including his intentional-tort claims, arose out of his employment relationship with CMHA and that R.C. 2744.09(B) therefore precluded CMHA’s assertion of political-subdivision immunity. Sampson at ¶ 10-11.
{¶ 17} Noting the differences between the policies underlying political-subdivision-tort immunity and workers’ compensation, we refused to incorporate the Blankenship rationale into the political-subdivision-immunity context. Sampson at ¶ 16. We held:
1. When an employee of a political subdivision brings a civil action against the political subdivision alleging an intentional tort, that civil action may qualify as a “matter that arises out of the employment relationship” within the meaning of R.C. 2744.09(B).
2. An employee’s action against his or her political-subdivision employer arises out of the employment relationship between the employee and the political subdivision within the meaning of R.C. 2744.09(B) if there is a causal connection or a causal relationship between the claims raised by the employee and the employment relationship.
Id. at paragraphs one and two of the syllabus. Sampson thus clarified that some, but not all, employer-intentional-tort claims against a political subdivision qualify as civil actions “relative to any matter that arises out of the employment relationship,” within the meaning of R.C. 2744.09(B).
{¶ 18} The court of appeals’ decision in this case predated Sampson, but it closely parallels the Sampson holding. The court of appeals noted that in Buck v. Reminderville, 9th Dist. Summit No. 25272, 2010-Ohio-6497, 2010 WL 5551003, it had recently overruled its opinion in Ellithorp v. Barberton City School Dist. Bd. of Edn., 9th Dist. Summit No. 18029, 1997 WL 416333 (July 9, 1997), a case that North Ridgeville cited in its motion for summary judgment. In Buck, at ¶ 10, quoting R.C. 2744.09(B), the court of appeals held that “a claim by the employee of a political subdivision against the political subdivision for its intentionally tortious conduct may constitute a ‘civil action[] * * * relative to any matter that arises out of the employment relationship between the employee and *204 the political subdivision’ under [R.C.] 2744.09(B).” This court summarily affirmed Buck on the authority of Sampson. Buck v. Reminderville, 132 Ohio St.3d 24, 2012-Ohio-1580, 967 N.E.2d 1218. Based on Buck, and consistent with our subsequent opinion in Sampson, the court of appeals held that the trial court did not err in denying North Ridgeville’s motion for summary judgment, because “Vacha’s employer intentional tort claim may constitute a claim within the scope of R.C. 2744.09(B).” 2011-Ohio-2446, 2011 WL 1992041, at ¶ 23.
{¶ 19} Sampson, which we reaffirm today, answers the eertified-conflict question in this case; “When an employee of a political subdivision brings a civil action against the political subdivision alleging an intentional tort, that civil action may qualify as a ‘matter that arises out of the employment relationship’ within the meaning of R.C. 2744.09(B).” Sampson, 131 Ohio St.3d 418, 2012-Ohio-570, 966 N.E.2d 247, at paragraph one of the syllabus. But the answer to the certified-conflict question is not dispositive of the discretionary appeal. As in Sampson, the determination that an employer-intentional-tort claim may implicate the R.C. 2744.09(B) exception to political-subdivision-tort immunity does not answer whether that statute applies in a particular case. That determination requires a court to consider whether “there is a causal connection or a causal relationship between the claims raised by the employee and the employment relationship.” Sampson at paragraph two of the syllabus. Because the order on appeal was a denial of a motion for summary judgment, we review the matter de novo, governed by the standards in Civ.R. 56. Comer v. Risko, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.
{¶ 20} In Sampson, the court of appeals considered the evidence presented and held that Sampson’s claims clearly arose out of his employment relationship with CMHA, and we agreed. Id. at ¶ 18. We concluded that reasonable minds could find that Sampson’s claims arose out of his employment relationship with CMHA and that they were, therefore, excepted from immunity under R.C. 2744.09(B). Id. at ¶ 19, 22.
{¶ 21} To resolve the discretionary appeal here, Sampson requires consideration of whether there is a causal connection or causal relationship between Vacha’s intentional-tort claim and her employment relationship. If there is, then Vacha’s claim arises out of the employment relationship and the city may not claim political-subdivision immunity. If, on the other hand, there is no causal connection or causal relationship, then the city may be entitled to immunity under R.C. Chapter 2744.
{¶ 22} To determine whether there is a causal connection or a causal relationship between Vacha’s intentional-tort claim and her employment relationship with North Ridgeville, we must look to the factual basis for Vacha’s claim. North Ridgeville argues that Ralston’s criminal acts are unrelated to Vacha’s employ *205 ment relationship with the city, and this may be true, but Vacha’s intentional-tort claim is not based on the rape and assault she suffered. Vacha pleaded a separate claim to impose vicarious liability upon North Ridgeville for Ralston’s criminal acts, but that claim is not before this court. Rather, Vacha alleged intentional misconduct by the city in its selection, supervision, and control of Ralston. It is a causal connection or causal relationship between that alleged conduct and Vacha’s employment relationship that governs the applicability of R.C. 2744.09(B) here.
{¶ 23} This case does not present the clear causal relationship present in Sampson, 131 Ohio St.3d 418, 2012-Ohio-570, 966 N.E.2d 247, where CMHA had its employee arrested during work hours, on work grounds, and for alleged misconduct in his job duties. A plaintiff need only establish a genuine issue of material fact as to whether the plaintiffs claims are causally related or causally connected to the employment relationship to survive summary judgment. Sampson at ¶ 19, 22. Here, unlike in Sampson, neither the trial court nor the court of appeals has finally resolved the immunity question in this case. The trial court did not mention political-subdivision immunity, but simply held that there were genuine issues of material fact as to whether North Ridgeville committed an intentional tort. The court of appeals addressed North Ridgeville’s summary-judgment argument regarding immunity on Vacha’s intentional-tort claim: “The city maintained that, as a matter of law, the ‘civil actions’ that are within the scope of R.C. 2744.09(B) do not include employer intentional torts.” 2011-Ohio-2446, 2011 WL 1992041, at ¶ 20. The court of appeals simply held that North Ridgeville did not establish entitlement to immunity as a matter of law. Id. at ¶ 23. The court did not, however, examine the evidence to determine whether a causal connection or causal relationship exists under the facts of this case.
{¶ 24} Sampson demands affirmance of the denial of North Ridgeville’s motion for summary judgment on Vacha’s employer-intentional-tort claim. The court of appeals appropriately rejected North Ridgeville’s argument that R.C. 2744.09(B) never applies to intentional-tort claims and correctly held that Vacha’s employer-intentional-tort claim may constitute a claim within the scope of R.C. 2744.09(B). Neither the trial court nor the court of appeals, however, considered whether the particular evidence in this case established a genuine issue of material fact as to whether there is a causal connection or a causal relationship between North Ridgeville’s selection, supervision, and control of Ralston, and Vacha’s employment relationship with the city. We decline to make that determination in the first instance.
{¶ 25} According to North Ridgeville, Vacha argues that merely alleging an intentional tort satisfies the causal-connection requirement. Regardless of whether that is an accurate characterization of Vacha’s argument, our affirmance *206 of the court of appeals’ judgment does not constitute a holding that mere allegations of a causal relationship are sufficient to preclude a political subdivision’s assertion of immunity under R.C. Chapter 2744. If, however, there is a genuine issue of material fact as to whether a plaintiffs claim is causally related or connected to the plaintiffs employment relationship, a political subdivision will not be entitled to summary judgment on the basis of political-subdivision immunity. That is not to suggest that a political subdivision cannot ultimately demonstrate the absence of the required connection and its entitlement to immunity upon a full presentation of the evidence, despite an earlier denial of summary judgment. Nor do we suggest that there is no such thing as an employer-intentional-tort claim that so clearly lacks a causal relationship or causal connection that it falls outside the scope of R.C. 2744.09(B) as a matter of law. For example, were Vacha’s intentional-tort claim against North Ridgeville based solely on Ralston’s criminal conduct, and not upon alleged intentional misconduct by the city itself, there might be an argument that her claim would fall outside the scope of R.C. 2744.09(B) as a matter of law. That is not, however, the claim that Vacha asserts.

Conclusion

{¶ 26} In conclusion, we answer the certified-conflict question by reaffirming our holding in Sampson, 131 Ohio St.3d 418, 2012-Ohio-570, 966 N.E.2d 247, that a civil action by an employee of a political subdivision alleging an intentional tort against his or her employer may fall within the R.C. 2744.09(B) exception to political-subdivision immunity. We further affirm the judgment of the court of appeals in this case because North Ridgeville did not establish that it is entitled to political-subdivision immunity on Vacha’s employer-intentional-tort claim as a matter of law.
Judgment affirmed.
O’Connor, C.J., and Pfeifer, Lanzinger, and O’Neill, JJ., concur.
O’Donnell and Kennedy, JJ., concur in part and dissent in part.