[Cite as *Clifton v. Johnson*, 2016-Ohio-8120.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| RONALD L. CLIFTON, et al., | : | |
| | : | Case No. 15CA30 |
| Plaintiffs-Appellees, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| PEARL K. JOHNSON, et al., | : | |
| | : | |
| Defendants-Appellants. | : | **Released: 12/06/16** |

_____
APPEARANCES:

James R. Kingsley, Kingsley Law Office, Circleville, Ohio, for Appellants.

Michael N. Beekhuizen, Carpenter Lipps & Leland LLP, Columbus, Ohio, for Appellees.

_____

McFarland, J.

{¶1} This is an appeal from a Pickaway County Common Pleas Court grant of summary judgment in favor of Appellees, Ronald L. Clifton and Robert W. Hamman, and against Appellants, Pearl K. Johnson, as well as Johnson's corporation, American Eagle Air, Inc. This case is before this Court for a second time, following our dismissal of Appellants' first direct appeal for lack of a final appealable order. *Ronald L. Clifton, et al. v. Pearl K. Johnson, et al.,* 4th Dist. Pickaway No. 14CA22, 2015-Ohio-4246. Presently on appeal, Appellants contend that 1) the trial court committed

prejudicial error when it granted Appellees summary judgment upon unjust enrichment; 2) the trial court committed prejudicial error in awarding damages; and 3) the trial court committed prejudicial error when it did not dismiss the case with prejudice. Because we conclude that genuine issues of material fact exist which preclude summary judgment, we further conclude the trial court erred in granting summary judgment in favor of Appellees. Accordingly, the judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.

FACTS

{¶2} Here, Appellees, Ronald F. Clifton and Robert W. Hamman, filed a complaint against Appellants, Pearl K. Johnson and Johnson's corporation, American Eagle Air, Inc., alleging the formation of a partnership and that a joint venture was agreed upon whereby Clifton, Hamman and Johnson, using Clifton's plane, Hamman's camera equipment and Johnson's piloting skills, would jointly provide aerial imaging services for portions of the ATEX pipeline that was being routed through Ohio. Appellees' complaint contained claims for breach of contract and, alternatively, unjust enrichment, alleging that Johnson and American Eagle Air, Inc. collected more than $200,000 for work that was jointly performed by Appellees and Appellant Johnson, and that Appellants failed to pay

Appellees for work the parties mutually performed.  Specifically, Appellees alleged that they had each only been paid $5,000.00 and that Appellants kept the rest of the money.

{¶3}  Appellees subsequently moved the court for summary judgment on the unjust enrichment claim alone, reserving the right to proceed on the breach of contract claim and alternatively the unjust enrichment claim at trial, in the event the motion for summary judgment was denied.  Appellants opposed the motion, arguing, among other things, that the court could not grant summary judgment on the equitable remedy of unjust enrichment when a breach of contract claim covering the same subject matter had been pled and was still pending.  Appellants also argued that the work performed by the parties jointly was rejected by ATEX and that the "prototype" that was eventually accepted by ATEX was created using a camera, aircraft and personnel from MANN Mapping, a corporation completely unrelated to Appellees.

{¶4}  Over the objection of Appellants, however, the trial court granted summary judgment in favor of Appellees on their unjust enrichment claim, and awarded them a joint share of the profits, in the amount of $68,282.00 each, for a total judgment of $136,564.00.  Appellants filed a direct appeal from the trial court's decision; however, we dismissed the

appeal for lack of a final appealable order, based upon the fact that the breach of contract claim remained pending, and thus all of the claims had not been resolved.

{¶5}  Appellants filed a motion for reconsideration asking this Court to reconsider our decision that the trial court's order was not final and appealable, which this Court ultimately denied.  Meanwhile, Appellees filed a motion for voluntary dismissal of their breach of contract claim and motion for entry of final judgment in the trial court.  The trial court issued a decision and entry on October 29, 2015 dismissing Appellees' breach of contract claim with prejudice.  On November, 12, 2015, the trial court went on to issue a final judgment entry entering final judgment in favor of Appellees on their unjust enrichment claim, determining damages in the same amount as before, and finding no just reason for delay.  It is from these orders that Appellants now bring their timely appeal, setting forth three assignments of error for our review.

ASSIGNMENTS OF ERROR

"I.    THE TRIAL COURT COMMITTED PREJUDICIAL ERROR
       WHEN IT GRANTED THE PLAINTIFF'S [SIC] SUMMARY
       JUDGMENT FOR UNJUST ENRICHMENT.

II.    THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN
       ITS AWARD OF DAMAGES.

III.    THE TRIAL COURT COMMITTED PREJUDICIAL ERROR
        WHEN IT DID NOT DISMISS THE CASE WITH PREJUDICE."

ASSIGNMENT OF ERROR I

{¶6} In their first assignment of error, Appellants contend that the trial court committed prejudicial error when it granted Appellees summary judgment based upon unjust enrichment. Appellants primarily argue that it was error to grant summary judgment based upon a claim of unjust enrichment when a claim for breach of contract had been previously pled, even though the breach of contract claim was subsequently dismissed with prejudice. Appellants further contend that even if summary judgment was not barred procedurally, it should not have been granted, as genuine issues of material fact exist which should have precluded summary judgment.

{¶7} Initially we note that, contrary to Appellants' argument, because the claim for breach of contract was dismissed with prejudice below, post-appeal, and because unjust enrichment is an alternative claim to breach of contract, we find no error in the trial court considering and ruling on Appellee's motion for summary judgment based upon unjust enrichment. As set forth in our decision issued in connection with Appellants' first direct appeal of this matter, a review of the record indicates that Appellees filed a complaint alleging the formation of a joint venture that contained claims based upon breach of contract and alternatively, unjust enrichment. Rather

than seeking a judgment based upon their primary claim, breach of contract, Appellees filed a motion for summary judgment on their alternative claim only, unjust enrichment. In moving the trial court for summary judgment based upon unjust enrichment only, Appellees made an express reservation in their motion as follows:

> "Breach of contract and unjust enrichment are alternative remedies. In the event this Court denies this motion, Plaintiffs reserve the right to present both their breach of contract and unjust enrichment claims, in the alternative, at the trial of this matter."

{¶8} Thus, Appellees did not dismiss their breach of contract claim when they moved for summary judgment on unjust enrichment, nor had the trial court ruled on the pending claim. Instead, the legal claim for breach of contract had not been resolved when the trial court considered the equitable remedy of unjust enrichment. In our previous consideration of this matter, we stated that we agreed "with Appellants' argument that the trial court erred in granting summary judgment based upon unjust enrichment while a claim for breach of contract, covering the same subject matter, was still pending and unresolved," however, we dismissed the appeal for lack of a final

appealable order because the breach of contract claim remained unresolved and pending.[1]

{¶9}  After our decision was issued in Appellant's first direct appeal, Appellees moved the trial court to dismiss their breach of contract claim.  At the same time, Appellants filed a motion for reconsideration in this Court claiming that our determination that a final appealable order did not exist was in error.  They also claimed that the legal effect of this Court's decision was that the trial court must proceed to jury trial on the breach of contract claim, arguing that the law does not permit double recovery on the same facts just because different causes of action have been stated.  However, we rejected Appellants' argument, reasoning that "the dismissal of the pending breach of contract claim by either the trial court, or by Appellees, would resolve the claim and result in a final appealable order."  Subsequently, the trial court granted Appellees' post-appeal motion to dismiss their breach of contract claim with prejudice.  As a result, we conclude that the defect preventing a final appealable order has now been resolved and this Court can consider the arguments raised by Appellants on the merits.

---

[1]  In making this statement, we noted that a party generally cannot seek dual relief under contract and quasicontract theories. *HAD Enterprises v. Galloway, et al.*, 192 Ohio App.3d 133, 2011-Ohio-57, 948 N.E.2d 473, ¶ 10; *Ryan v. Rival Mfg. Co.*, 1st Dist. Hamilton No. C–810032, 1981 WL 10160 (Dec. 16, 1981) ("It is clearly the law in Ohio that an equitable action in quasi-contract for unjust enrichment will not lie when the subject matter of that claim is covered by an express contract or a contract implied in fact. The mere fact that issues exist as to the creation of the contract or the construction of its terms does not alter this rule."

{¶10} As set forth above, Appellants contend that even if summary judgment was not barred procedurally, it should not have been granted, as genuine issues of material fact exist which should have precluded summary judgment. Appellants contend that the work performed by the parties jointly was rejected by ATEX and that the "prototype" that was eventually accepted by ATEX was created using a camera, aircraft and personnel from MANN Mapping, a corporation completely unrelated to Appellees. Based upon the following, we agree with this portion of Appellant's argument that this allegation creates a genuine issue of material fact which should have precluded summary judgment in favor of Appellees on their unjust enrichment claim.

{¶11} Appellate review of summary judgment decisions is de novo, governed by the standards of Civ.R. 56. *Vacha v. N. Ridgeville*, 136 Ohio St.3d 199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶ 19. Summary judgment is appropriate if the party moving for summary judgment establishes that (1) there is no genuine issue of material fact, (2) reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made, and (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56; *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39,

2011-Ohio-2266, 950 N.E.2d 157, ¶ 24; *Chase Home Finance, LLC v. Dunlap*, 4th Dist. Ross No. 13CA3409, 2014-Ohio-3484, ¶ 26.

{¶12} The moving party has the initial burden of informing the trial court of the basis for the motion by pointing to summary judgment evidence and identifying parts of the record that demonstrate the absence of a genuine issue of material fact on the pertinent claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); *Chase Home Finance* at ¶ 27. Once the moving party meets this initial burden, the nonmoving party has the reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue remaining for trial. *Dresher* at 293.

{¶13} Civ.R. 56(C) sets forth an exclusive list of evidentiary materials that a trial court may consider when ruling upon a summary judgment motion. *Emerson Family Ltd. Partnership v. Emerson Tool, LLC*, 9th Dist. Summit No. 26200, 2012-Ohio-5647, ¶ 14; citing *Spier v. American Univ. of the Caribbean*, 3 Ohio App.3d 28, 29, 443 N.E.2d 1021 (1st Dist.1981). The rule prohibits a trial court from considering any evidence or stipulation except the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact." Civ.R. 56(C). *Davis v. Eachus*, 4th Dist. Pike No. 04CA725, 2004-Ohio-5720, ¶ 36; *Wall v.*

*Firelands Radiology, Inc.*, 106 Ohio App.3d 313, 334, 666 N.E.2d 235 (6th

Dist.1995). Furthermore, when ruling on a summary judgment motion, a

court may consider only evidence that would be admissible at trial.

*Pennisten v. Noel*, 4th Dist. Pike No. 01CA669, 2002 WL 254021 (Feb. 8,

2002), *2.

{**¶14**} As set forth above, the trial court granted Appellees summary

judgment on their claim based upon unjust enrichment. Unjust enrichment

occurs " 'when a party retains money or benefits which in justice and equity

belong to another.' " *HAD Ents. v. Galloway*, 192 Ohio App.3d 133, 2011-

Ohio-57, 948 N.E.2d 473, ¶ 8 (4th Dist.); quoting *Cooper v. Smith*, 155 Ohio

App.3d 218, 2003-Ohio-6083, 800 N.E.2d 372, ¶ 30 (4th Dist.), in turn

citing *Liberty Mut. Ins. Co. v. Indus. Comm.*, 40 Ohio St.3d 109, 111, 532

N.E.2d 124 (1988). In order to prevail on an unjust enrichment theory, the

plaintiff must establish three elements: " '(1) a benefit conferred by a

plaintiff upon a defendant; (2) knowledge by the defendant of the benefit;

and (3) retention of the benefit by the defendant under circumstances where

it would be unjust to do so without payment.' " *Id.* at ¶ 8; quoting

*Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298

(1984).

{¶15}  Appellants argue that the trial court erred in excluding portions of the affidavit of Pearl Johnson as being hearsay.  We review the trial court's decision to exclude the affidavit testimony of Johnson for abuse of discretion. *State ex rel. Mora v. Wilkinson*, 105 Ohio St.3d 272, 2005-Ohio-1509, 824 N.E.2d 1000.  The trial court stated as follows with regard to its consideration of the Johnson affidavit:

> "Disregarding all the hearsay statements made in said affidavit, this Court is left with the following facts: (1) Ronald Clifton owns an airplane; (2) Robert Hamman owns a camera; (3) Pearl Johnson is a pilot; (4) there is no written agreement; (5) ATEX was installing a pipeline through Pickaway County; and (6) Pearl Johnson presented his prototype to ATEX."

Thus, the trial court was not specific with regard to which of the twenty-four paragraphs in Johnson's five page affidavit it deemed to be hearsay and therefore excluded.

{¶16}  In their motion for summary judgment and on appeal, Appellees contend that the payment Appellants received from ATEX was for work performed to create aerial spreads one, two and three, which were performed with Clifton's plane and Hamman's camera.  They supported this claim set forth in their motion for summary judgment with copies of flight dispatch questionnaire sheets, excerpts of Johnson's deposition testimony

and copies of invoices reflecting payments made to American Eagle Air, Inc.[2]

{¶17} The flight sheets cover several dates in May and early June of 2012, and indicate flights made by American Eagle Air, Inc., piloted by "Kevin Johnson" with "Robby Hamman" as a passenger, to perform aerial surveying for the customer, "ATEX." Some of the notes on the various forms include references to spreads one, two, or three. The excerpts from Johnson's deposition testimony include Johnson acknowledging he flew Clifton's plane, a Cessna model C172, for portions of spreads one, two and three, with Hamman as a passenger. The deposition testimony also includes acknowledgments by Johnson that American Eagle Air, Inc. received payments totaling $219,000.00; however, the excerpts do not identify what work the payments were for. Check stubs attached as exhibits to Appellees' motion for summary judgment indicate payments made to American Eagle Air, Inc. by Houston Inspection Field Services, LLC, but they do not specify for what work the payments were being made.

{¶18} At both the trial court level and on appeal, Appellants contend that the payments they received from ATEX were a result of the "prototype" they submitted that was created without the use of Clifton's plane or

---

[2] It does not appear Johnson's complete deposition transcript was made part of the record below and thus it is not presently before this Court on appeal.

Hamman's camera, rather than the work performed jointly with Clifton and Hamman for aerial spreads one, two and three. Johnson stated as much in his affidavit; however, it is apparently one of the statements deemed to be hearsay and excluded by the trial court. Initially, we note that Johnson's affidavit does not contain a general averment of personal knowledge. However, it does state, in pertinent part, as follows, with regard to the work he claims he performed separate and apart from the work performed with Clifton and Hamman:

> "14. *I* shopped many mapping imagery companies to obtain a suitable camera that produced acceptable imagery.
>
> 15. *I* contracted with MANN Mapping * * *.
>
> 16. MANN Mapping had its own aircraft and its own digital imagery system completely different from Hamman. A prototype was developed, presented and accepted."
>
> * * *
>
> 19. *I* developed a prototype. It did not include anything from the Hamman prototype. *I* presented my separate prototype to ATEX who accepted it.
>
> 20. A contract was issued to American Eagle Air, Inc. * * *."
>
> (Emphasis added.).

{¶19} As we have recently discussed, with regard to affidavit evidence:

> "To be considered in a summary judgment motion, Civ.R. 56(E) requires an affidavit to be made on personal knowledge, set forth such facts as would be admissible in evidence, and affirmatively show that the affiant is competent to testify to the matters stated in the affidavit." *Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013–02–003, 2013-Ohio-3678 [2013 WL 4647561], ¶ 27, citing Civ.R. 56(E); *see also Wesley v. Walraven*, 4th Dist. Washington No. 12CA18, 2013-Ohio-473 [2013 WL 544053], ¶ 24. " 'Absent evidence to the contrary, an affiant's statement that his affidavit is based on personal knowledge will suffice to meet the requirement of Civ.R. 56(E).' " *Bell* at ¶ 27, quoting *Wells Fargo Bank v. Smith*, 12th Dist. Brown No. CA2012–04–006, 2013-Ohio-855 [2013 WL 938069], ¶ 16. "Additionally, documents referred to in an affidavit must be attached and must be sworn or certified copies." *Id.*, citing Civ.R. 56(E). "Verification of these documents is generally satisfied by an appropriate averment in the affidavit, for example, that 'such copies are true copies and reproductions.' " *Id.*, quoting *State ex rel. Corrigan v. Seminatore,* 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981); *see also Walraven* at ¶ 31 ("Civ.R. 56(E)'s requirement that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit with a statement contained in the affidavit that the copies are true and accurate reproductions.") *U.S. Bank Natl. Assn. v. Bobo*, 4th Dist. Athens No. 13CA45, 2014-Ohio-4975, 2014 WL 5800399, ¶ 28; *JPMorgan Chase Bank, Natl. Assn. v. Fallon*, 4th Dist. Pickaway No. 13CA3, 2014-Ohio-525, 2014 WL 588038, ¶ 16." *Whitt v. Wolfinger*, 39 N.E.3d 8092015-Ohio-2726, ¶ 23.

{¶20} "If the affiant fails to state that the affidavit is based on personal knowledge, then personal knowledge may be inferred 'if the nature of the facts in the affidavit combined with the identity of the affiant creates a

reasonable inference that the affiant has personal knowledge of the facts in the affidavit.' " *Id.* at ¶ 24; quoting *Bobo*, at ¶ 30, in turn quoting *Freedom Mtge. Corp. v. Vitale*, 5th Dist. Tuscarawas No. 2013 AP 08 0037, 2014-Ohio-1549, ¶ 26 (Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit "if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit").

{¶21} "Personal knowledge" for purposes of a summary judgment affidavit is defined as knowledge of the truth in regard to a particular fact or allegation that does not depend on information or hearsay, i.e. it is knowledge that is original to the affiant. *See Parker Financial v. Matthews*, 4th Dist. Adams No. 97CA652, 1999 WL 74686 (Feb. 3, 1999) (affiant's knowledge was based upon information he received in conversations he had over telephone and therefore was not based on personal knowledge) citing *Brannon v. Rinzler*, 77 Ohio App.3d 749, 603 N.E.2d 1049 (2nd Dist.1991) (personal knowledge must be original and not depend on information or hearsay).

{¶22} Further, we note that "[a]n affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party

may not, without sufficient explanation, create a genuine issue of material fact to defeat a motion for summary judgment." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, paragraph three of the syllabus. In *Byrd*, the Supreme Court of Ohio expressly adopted this Court's rationale in *Lemaster v. Circleville Long Term Care, Inc.*, 4th Dist. Pickaway App. No. 87 CA 2, 1988 WL 17187, *3 (Feb. 22, 1988) where we held, "[o]rdinarily, under [Civ.R.] 56(C), when an affidavit is inconsistent with affiant's prior deposition testimony as to material facts and the affidavit neither suggests affiant was confused at the deposition nor offers a reason for the contradictions in her prior testimony, the affidavit does not create a genuine issue of fact which would preclude summary judgment."

{¶23} Here, based upon the record before, we conclude that the trial court erred when it excluded the above portions of Johnson's affidavit. Although Johnson's affidavit does not contain a general averment of personal knowledge, the trial court could infer Johnson had personal knowledge if the nature of the facts in the affidavit combined with Johnson's identity created a reasonable inference that he had personal knowledge. We conclude that the nature of the facts stated in paragraphs 14, 15, 16, 19 and 20, combined with Johnson's identity as a participant in this matter and as

sole owner of American Eagle Air, Inc., permit an inference of his personal knowledge of these facts and were not inadmissible hearsay.

{¶24} We further conclude that these statements create a genuine issue of material fact regarding which work was being compensated by ATEX: the work performed jointly between Appellants and Appellees to create spreads one, two and three; or the work performed separately by Johnson referred to by Johnson as a "prototype," that "did not include anything from the Hamman prototype," and which was created with aircraft owned by MANN Mapping, as well as MANN Mapping's digital imagery system. Importantly, not only do we conclude that the trial court could infer personal knowledge from the statements contained in Johnson's affidavit giving rise to this genuine issue of material fact, there is no indication, at least from the portions of the Johnson's deposition that are contained in the record before us, that these statements conflict with any prior deposition testimony given by Johnson.

{¶25} Here, Appellees essentially contend that the moneys received by Appellants were payment for work performed by the parties jointly in the creation of aerial spreads one, two and three, while Appellants essentially contend that the payments were for the "prototype" created by Appellants alone, with the use of MANN Mapping's aircraft and digital imagery system.

Thus, Johnson's affidavit creates a genuine issue of material fact with regard to the nature of the payments Appellants received and whether Appellees, in fact, are entitled to a portion of those payments.

{¶26} This genuine issue of material fact precludes a grant of summary judgment in favor of Appellees on their unjust enrichment claim, primarily because it is unclear from the evidence before us whether Appellees have demonstrated they conferred a benefit upon Appellants. Thus, we conclude that the trial court abused its discretion in excluding the above portions of the Johnson affidavit, which were based upon his personal knowledge and were not hearsay, and further erred in granting summary judgment in favor of Appellees on unjust enrichment. Accordingly, Appellants' first assignment of error is well taken and the decision of the trial court is reversed.

## ASSIGNMENT OF ERROR II

{¶27} In their second assignment of error, Appellants contend that the trial court erred in awarding damages; however, in light of our disposition of Appellants' first assignment of error, which determined that the trial court erred in granting summary judgment in Appellee's favor, this assignment of error has been rendered moot.

## ASSIGNMENT OF ERROR III

**{¶28}** In their third assignment of error, Appellants contend that the trial court committed prejudicial error when it did *not* dismiss the case with prejudice. More specifically, Appellants contend that a voluntary dismissal by Appellees of their express contract claim with prejudice prevents a judgment for unjust enrichment. Appellants argue that "the voluntary dismissal of the express contract claim with prejudice operated upon the merits with the legal result that Defendants prevailed on the contract claim."

**{¶29}** Contrary to Appellants' argument, the trial court *did* dismiss Appellees' breach of contract claim with prejudice. Further, the case Appellants rely on in support of their argument, *Caras v. Green & Green, et al.*, 2nd Dist. Montgomery No. 14943, 1996 WL 407861, does not support their argument. Appellants quote as follows from *Caras* to support their argument that the trial court's dismissal of Appellees' breach of contract claim effectively eliminated any claim based upon unjust enrichment as well: "When it granted summary judgment for the Defendants on Caras' action in quasi-contract the court eliminated the basis for relief on Caras' claim of unjust enrichment." Appellants' argument, however, is misplaced.

**{¶30}** The *Caras* case involved a judgment based upon unjust enrichment when a claim based upon quasi-contract, not an express contract, had been previously dismissed. That is not the situation here. Here, the trial

court dismissed with prejudice Appellees' breach of contract claim, which

was based upon an express contract, not a theory of quasi-contract.  Unjust

enrichment is a remedy flowing from a claim based in quasi contract, as

opposed to an express contract.  In fact, the *Caras* court reasoned at length

as follows:

> "A quasi-contract 'is a legal fiction that does not rest upon the
> intention of the parties, but rather on equitable principles in
> order to provide a remedy.  The two remedies most often
> associated with quasi-contracts are restitution and quantum
> meruit.  Each of these remedies presupposes some type of
> unjust enrichment of the opposing party.' *Paugh & Farmer,
> Inc. v. Menorah Home for Jewish Aged* (1984), 15 Ohio St.3d
> 44, 46 (emphasis in the original)." *Caras* at *3.

Thus, *Caras* does not stand for the proposition that the trial court's dismissal

of Appellees' breach of contract claim vitiates their alternative claim based

upon unjust enrichment.  Further, this Court is aware of no other law or

guidance that supports Appellants' argument.  Accordingly, we find no merit

to Appellants' third assignment of error and it is overruled.

{¶31}  However, having found merit to Appellants' argument that the

trial court erred in granting summary judgment to Appellees on unjust

enrichment because genuine issues of material fact exist with respect to

whether Appellees conferred a benefit upon Appellants, as it is unclear

whether Appellants received payment for services rendered on their own, or

for work performed jointly with Appellees, the judgment of the trial court is

reversed and this matter is remanded for further proceedings consistent with

this opinion.

**JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION and that Appellants recover of Appellees any costs herein.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:    Concurs in Judgment Only.
Hoover, J.:  Dissents.

For the Court,

BY: _____
Matthew W. McFarland, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**