[Cite as *LSF6 Mercury Reo Invests. v. Garrabrant*, 2012-Ohio-4883.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LSF6 MERCURY REO INVESTMENTS | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 11CAE040037 |
| RICK L. GARRABRANT | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court of Common Pleas, Case No. 09CVE121780

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      October 12, 2012

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

AMY CARR      JOHN SHERROD
4805 Montgomery Road, Ste. 320      2130 Arlington Avenue
Cincinnati, Ohio 45212      Columbus, Ohio 43221

*Hoffman, J.*

{¶1}   Defendant-appellant Rick Garrabrant appeals the April 15, 2011 Judgment Entry entered by the Delaware County Court of Common Pleas, which denied his Civ. R. 60(B) motion for relief from judgment.   Plaintiff-appellee is LSF6 Mercury Reo Investments.

STATEMENT OF THE CASE[1]

{¶2}   On December 9, 2009, Appellee filed a Complaint for Foreclosure against Appellant.  Appellant was personally served on or about December 23, 2009.  Appellant filed a Motion for Extension of Time to Answer or Otherwise Plead in Order to Mediate with the Plaintiff/Lender, which the trial court granted.  The court-appointed mediator filed a report on July 21, 2010, advising the trial court the mediation had been unsuccessful.  The trial court issued a scheduling entry, instructing Appellant to file his Answer no later than August 9, 2010.  Rather than file his Answer on the assigned date, Appellant filed a motion to dismiss, which the trial court denied on October 26, 2010. Appellant never filed an Answer in this matter.

{¶3}   On November 17, 2010, Appellee filed a motion for default judgment.  The trial court scheduled an oral hearing on the motion before the magistrate on December 16, 2010.  Appellant failed to appear at the hearing.  The magistrate filed her decision granting default judgment in favor of Appellee on December 17, 2010.  The trial court approved and adopted the magistrate's decision on the same day.  The trial court issued a Final Judgment Entry on December 21, 2010.  Appellant did not file an appeal from this judgment entry.

---

[1] A Statement of the Facts is not necessary for our disposition of this Appeal.

**{¶4}** A Sheriff's Sale was conducted on February 16, 2011, and the property was sold for $116,580. The trial court confirmed the sale and ordered distribution via Judgment Entry filed March 10, 2011.

**{¶5}** On April 4, 2011, Appellant filed a Motion for Relief from Judgment Pursuant to Civ. R. 60(B), alleging, as his meritorious defense, Appellee's lack of standing. The trial court denied the motion via Judgment Entry filed April 15, 2011. Appellant filed a timely Notice of Appeal to this Court.

**{¶6}** The appeal was stayed upon Appellant's filing a petition in bankruptcy. Via Order filed April 19, 2012, this Court reinstated the case to the active docket.

**{¶7}** It is from the April 15, 2011 Judgment Entry Appellant appeals, assigning as error:

**{¶8}** "I. THE TRIAL COURT ERRED IN GRANTING APPELLE'S MOTION FOR DEFAULT JUDGMENT BECAUSE APPELLANT HAD 'APPEARED' IN THE ACTION IN ACCORDANCE WITH CIV.R. 55.

**{¶9}** "II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIV.R. 60(B)."

II

**{¶10}** For ease of discussion, we shall begin by addressing Appellant's second assignment of error first.

**{¶11}** The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion. *Strack v. Pelton* (1994), 70 Ohio St.3d 172. An abuse of discretion is more than an error of judgment; it means that the trial court was

unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Id.*

**{¶12}** Civ.R. 60(B) states, in relevant part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

**{¶13}** A party seeking relief from a default judgment pursuant to Civ.R. 60(B) must show (1) the existence of a meritorious defense, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is timely filed. *See GTE*

*Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113; *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 433 N.E.2d 612.

**{¶14}** The December 21, 2010 Final Judgment Entry constituted a final decision on the merits. Appellant's remedy was to appeal that decision. Appellant did not do so. Rather, Appellant subsequently filed a Civ. R. 60(B) motion for relief from judgment.

**{¶15}** Civ.R. 60(B) was intended to provide relief from a final judgment in specific, enumerated situations and cannot be used as a substitute for a direct, timely appeal. See *Doe v. Trumbull County Children Services Board* (1986), 28 Ohio St.3d 128, 502 N.E.2d 605, at paragraph two of the syllabus. "If a party raises the same question in a Civ.R. 60(B) motion as [it] could have raised on a direct appeal, [that party] could get an indirect extension of time for appeal by appealing the denial of the Civ.R. 60(B) motion." *Newell v. White,* Pickaway App. No. 05CA27, 2006–Ohio–637, at ¶ 15, citing *Parke–Chapley Construction Co. v. Cherrington* (C.A.7, 1989), 865 F.2d 907, 915. Thus, "[w]hen a Civ.R. 60(B) motion is used as a substitute for a timely appeal, and when the denial of that motion is subsequently appealed, the proper response is the dismissal of the appeal." *Garrett v. Gortz,* Cuyahoga App. No. 90625, 2008–Ohio–4369, at ¶ 14, citing *State ex rel. Richard v. Cuyahoga Cty. Commrs.,* 89 Ohio St.3d 205, 729 N.E.2d 755, 2000–Ohio–135. See, also, *Elliott v. Smead Mfg. Co.,* Hocking App. Nos. 08CA13 & 08AP13, 2009–Ohio–3754, at ¶ 12–13.

**{¶16}** Accordingly, we reject Appellant's second assignment of error and dismiss his appeal.

I

{¶17} In light of our disposition of Appellant's second assignment of error, we need not address Appellant's first assignment of error.

By: Hoffman, J.

Gwin, P.J.  and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

LSF6 MERCURY REO INVESTMENTS     :
                                 :
    Plaintiff-Appellee           :
                                 :
-vs-                             :         JUDGMENT ENTRY
                                 :
RICK L. GARRABRANT               :
                                 :
    Defendant-Appellant          :         Case No. 11CAE040037


For the reason stated in our accompanying Opinion, this appeal is ordered dismissed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER