[Cite as *LSF6 Mercury REO Invests. v. Garrabrant*, 2014-Ohio-901.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| LSF6 MERCURY REO INVESTMENTS | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | Case No. 13 CAE 06 0050 |
| | : | |
| RICK L. GARRABRANT, ET AL | : | |
| | : | O P I N I O N |
| Defendants-Appellants | | |

CHARACTER OF PROCEEDING:     Civil appeal from the Delaware County Court of Common Pleas, Case No. 09-CVE-12-1780

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     March 11, 2014

APPEARANCES:

For Plaintiff-Appellee

PHILLIP BARRAGATE
ASHLYN HEIDER
4805 Montgomery Road, Suite 320
Norwood, OH 45212

For Defendant-Appellant

MARC DANN
GRACE DOBERDRUK
4600 Prospect Avenue
Cleveland, OH 44103

*Gwin, P.J.*

{¶1} Appellant appeals the May 22, 2013 judgment entry of the Delaware County Court of Common Pleas denying his common law motion to vacate the judgment of foreclosure.

*Facts & Procedural History*

{¶2} On December 9, 2009, appellee LSF6 Mercury Reo Investments filed a complaint against appellant Rick Garrabrant seeking foreclosure on an adjustable rate note and mortgage. Attached to the complaint was a promissory note from appellant as borrower to CIT Group/Consumer Finance, Inc. as lender dated February 2, 1998 that was recorded on February 10, 1998 and a mortgage signed and recorded on the same dates as the promissory note from CIT Group/Consumer Finance as mortgagee to appellant as mortgagor. Also attached to the complaint was an assignment of the mortgage dated June 11, 2009 and recorded June 19, 2009, assigning the February 2, 1998 mortgage and note from Vericrest Financial, Inc., as successor to the CIT Group/Consumer Finance, Inc. to Deutsche Bank National Trust Co. as Trustee on behalf of Vericrest Financial, Inc., as Servicer for LSF6 Mercury Reo Investments Trust Series 2008-1. In addition, an assignment of mortgage and note dated November 16, 2009 and recorded November 25, 2009 was attached to the complaint and assigned appellant's note and mortgage from Deutsche Bank National Trust Co. as Trustee on behalf of Vericrest Financial, Inc., as Servicer for LSF6 Mercury Reo Investments Trust Series 2008-1 to LSF6 Mercury Reo Investments Trust Series 2008-1.

{¶3} Appellant filed a motion to dismiss which the trial court subsequently denied on October 26, 2010. Appellant did not file an answer in this matter. On

November 17, 2010, appellee filed a motion for default judgment. Attached to the motion for default judgment was an affidavit executed by Paul Laird. Laird stated that the copies of the promissory note and mortgage filed are true and accurate copies of the original instruments held by plaintiff prior to the filing of and at all times during the pendency of this action. Also on November 17, 2010, appellee filed an allonge to the note. In the allonge, Vericrest Financial, Inc., as attorney-in-fact for The CIT Group/Consumer Finance, Inc., indorsed the note in blank. The trial court scheduled an oral hearing on the motion for default on December 16, 2010. Appellant did not appear at the default judgment hearing and the trial court granted appellee's motion for default on December 21, 2010. Appellant did not appeal from the judgment entry granting default. A sheriff's sale was conducted on February 16, 2011 and the property at issue was sold for $116,580. The trial court confirmed the sale and ordered distribution in a judgment entry on March 10, 2011.

{¶4} On April 4, 2011, appellant filed a motion for relief from judgment pursuant to Civil Rule 60(B) alleging, as his meritorious defense, appellee's lack of standing. The trial court denied appellant's motion on April 15, 2011. Appellant appealed the trial court's denial and, in *LSF6 Mercury REO Investments v. Garrabrant*, 5th Dist. Delaware No. 11CAE040037, 2012-Ohio-4883, this Court affirmed the trial court's denial of the motion for relief from judgment, finding Civil Rule 60(B) could not be used as a substitute for a direct, timely appeal of December 21, 2010 final judgment entry. On February 20, 2013, the Supreme Court of Ohio declined to accept jurisdiction of appellant's appeal.

{¶5} Appellant filed a common law motion to vacate judgment of foreclosure on March 22, 2013. Appellant argued the trial court should vacate the judgment on the grounds that appellee lacked standing to invoke the trial court's jurisdiction making the judgment void ab initio. The trial court found at the time the complaint was filed, appellee was the holder of the note and mortgage and thus the proper party to initiate the action. Further, that even if there was no express transfer of the note, the assignment of the mortgage is sufficient to transfer both the note and the mortgage because the documents evidence the parties' intent to keep the instruments together. Accordingly, the trial court denied appellant's common law motion to vacate in a judgment entry on May 22, 2013.

{¶6} Appellant appeals the May 22, 2013 judgment entry of the Delaware County Court of Common Pleas and assigns the following as error:

{¶7} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT RICK GARRABRANT'S COMMON LAW MOTION TO VACATE BECAUSE THE NOTE AT THE TIME OF FILING THE COMPLAINT WAS NOT INDORSED BY THE ORIGINAL LENDER AND SINCE THE FORECLOSING PLAINTIFF FAILED TO INVOKE THE SUBJECT MATTER JURISDICTION OF THE COURT THERE WAS NO JURISDICTION TO GRANT THE MOTION TO SUBSTITUE APPELLEE AS THE PLAINTIFF."

I.

{¶8} Appellant styled his May 2013 motion as a common law motion to vacate. A common law motion to vacate, instead of Civil Rule 60(B), is utilized to vacate a void judgment because "[t]he power to vacate a void judgment does not arise from Civ. R.

60(B), but rather, from an inherent power possessed by the courts in this state." *Thomas v. Fick*, 9th Dist. Summit No. 19595, 2000 WL 727531 (June 7, 2000), quoting *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph four of the syllabus. A trial court's decision to deny a motion to vacate judgment is reviewed on appeal for an abuse of discretion whether that motion is made pursuant to Civ.R. 60(B) or to the court's inherent power at common law to vacate a void judgment. *Spotsylvania Mall Co. v. Nobahar*, 7th Dist. Mahoning No. 11 MA 82, 2013-Ohio-1280, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150, 351 N.E.2d 113 (1976). Determining whether a trial court has subject matter jurisdiction is reviewed de novo. *Wells Fargo Bank, N.A. v. Elliot*, 5th Dist. Delaware No. 13 CAE 03 0012, 2013-Ohio-3690.

{¶9} We agree with the trial court that, at the time the complaint was filed on December 21, 2009, appellee was the holder of the note and mortgage and the real party in interest to properly initiate the action. The current holder of the note and mortgage is the real party in interest in foreclosure actions. *U.S. Bank Nat'l. Assoc. v. Marcino*, 181 Ohio App.3d 328, 908 N.E.2d 1032 (7th Dist.), citing *Chase Manhattan Mtge. Corp v. Smith*, 1st Dist. Hamilton No. CO61069, 2007-Ohio-5874. R.C. 1303.31 provides:

{¶10} "Person entitled to enforce" an instrument means any of the following persons:

{¶11} The holder of the instrument;

{¶12} A non-holder in possession of the instrument who has the rights of a holder;

{¶13} A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

{¶14} In this case, appellee attached to its complaint copies of the note and mortgage and alleged it was the holder of the note and mortgage. Also attached to the complaint are the following assignments: a corporate assignment of mortgage recorded on June 19, 2009, indicating the mortgage and the note were transferred from the successor to CIT Group / Consumer Finance, Inc. (Vericrest Financial, Inc.) to Deutsche Bank National Trust Company as Trustee on behalf of Vericrest Financial, Inc. as servicer for LSF6 Mercury Reo Investment Trust Series 2008-1; and an assignment of the note and mortgage recorded November 25, 2009, transferring the note and mortgage to LSF6 Mercury Reo Investments Trust Series 2008-1.

{¶15} The affidavit of Paul Laird, attached to appellee's motion for default judgment, states the copies of the promissory note and mortgage that were filed are true and accurate copies of the original instruments held by plaintiff prior to the filing of and at all times during the pendency of the action. The trial court had and properly considered the complaint, copies of the promissory note, mortgage, and assignments attached to the complaint, and the affidavit of Paul Laird when it held the hearing on the motion for default judgment. As noted above, the real party in interest in a foreclosure action is the current holder of the note and mortgage. At the time the complaint was filed, appellee was the holder of the note and mortgage and was thus the real party in interest.

**{¶16}** We further agree with the trial court that even if there was no express transfer of the note, the assignment of the mortgage is sufficient to transfer both the note and the mortgage because the documents evidence the parties' intent to keep the instruments together. In *Bank of New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-4742, we held that the assignment of a mortgage, without an express transfer of the note, is sufficient to transfer both the mortgage and the note if the record indicates the parties intended to transfer both the note and the mortgage.

**{¶17}** This case is analogous to the *Dobbs* case as the record indicates the parties intended to transfer both the note and the mortgage. The note dated February 2, 1998 provides, "in return for a loan that I have received, I promise to pay the principal balance show above plus interest to the order of the lender." Further, paragraph nine of the note is entitled "This Note Covered by a Mortgage" and states, "[a] mortgage of the same date as this Note protects you from possible losses which might result if I do not keep the promises which I make in this Note. That mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this note." The mortgage, signed and recorded on the same dates as the note, provides, "to secure payment of a Note I signed today promising to pay you the Principal Balance as shown above together with interest * * * as provided in the Note secured by this Mortgage."

**{¶18}** The note refers to the mortgage and the mortgage refers to the note. Thus, we find a clear intent by the parties to keep the note and mortgage together rather than transferring the mortgage alone. Since the mortgage assignments were recorded

on June 19, 2009 and November 25, 2009, prior to the filing of the complaint on December 9, 2009, the note was effectively transferred on that date.

{¶19} Based on the foregoing, appellant's assignment of error is overruled. The May 22, 2013 judgment entry of the Delaware County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur