[Cite as *Fed. Home Loan Mtge. Corp. v. Trissell*, 2014-Ohio-1537.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| FEDERAL HOME LOAN | : | |
| MORTGAGE CORPORATION | : | Appellate Case No. 25935 |
| | : | |
| Plaintiff-Appellee | : | Trial Court Case No. 2010-CV-4131 |
| | : | |
| v. | : | |
| | : | |
| STANLEY L. TRISSELL, JR., et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 11th day of April, 2014.

. . . . . . . . . . .

SCOTT A. KING, Atty. Reg. #0037582, and JESSICA E. SALISBURY-COOPER, Atty. Reg. #0085038, Austin Landing I, 10050 Innovation Drive, Suite 400, Miamisburg, OH 45342
        Attorneys for Plaintiff-Appellee, Federal Home Loan Mortgage

STANLEY L. TRISSELL, JR., 7535 Turtle Creek Drive, Dayton, Ohio 45414
        Defendant-Appellant, *pro se*

DOUGLAS TROUT, Atty. Reg. #0072027, Montgomery County Prosecutor's Office, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Defendant-Appellee, Montgomery County Treasurer

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Stanley Trissell appeals from a summary judgment of

foreclosure rendered against him. He contends that plaintiff-appellee Federal Home Loan Mortgage Corporation (Freddie Mac) failed to demonstrate that it was the holder of the note securing the mortgage. He also argues that certain evidence submitted by Freddie Mac was inadmissible and should not have been considered by the trial court.

{¶ 2} We conclude that there is competent Civ.R. 56 evidence that Trissell's mortgage had been assigned to Freddie Mac, thereby establishing a rebuttable presumption that the note had also been assigned to Freddie Mac. This presumption was not rebutted. Therefore, the trial court correctly determined that Freddie Mac was the holder of the note. Accordingly, the judgment of the trial court is Affirmed.

## I. The Underlying Transaction and the Course of Proceedings

{¶ 3} In 2001, Trissell executed a note in the amount of $159,500 in favor of Wells Fargo Bank Home Mortgage, Inc. The note was secured by a mortgage executed the same date.

{¶ 4} In 2010, Freddie Mac brought this action in foreclosure. In its complaint, Freddie Mac alleged that it was the holder of the note and that Trissell had defaulted. Attached to the complaint were copies of the mortgage, the note and the recorded assignment of the mortgage from Wells Fargo to Freddie Mac.

{¶ 5} Freddie Mac moved for summary judgment. Attached to the motion was the affidavit of Linda Miller, in which Miller made the following averments:

1. I am a Vice President Loan Documentation for Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc. (hereinafter "Wells Fargo"), servicing agent for Plaintiff herein, and in that capacity I am

authorized to execute this Affidavit. * * *

2. The averments provided in this affidavit are within the scope of my duties. In my position, I have access to business records, including loan documents and loan account records maintained by Wells Fargo, and I have personal knowledge of the operation of and the circumstances surrounding the maintenance and retrieval of records in Wells Fargo's record keeping system.

3. Loan account records are compiled and recorded as part of Wells Fargo's regularly conducted business activity at or near the time of occurrence of each event affecting the account by persons with knowledge of said event, by or from information transmitted by a person with knowledge of the acts and events described within the business record. Such records are kept, maintained, and relied upon in the course of ordinary and regularly conducted business activity.

4. I make this affidavit based upon personal knowledge obtained from my personal review of the business records for the loan which is the subject of this action.

5. A review of the business records reveals that on 12/14/2001, Stanley L. Trissell, Jr., executed and delivered to Wells Fargo Home Mortgage, Inc., a certain Note in the original amount of $159,500.00.

6. On 12/14/2001, Stanley L. Trissell, Jr., executed a Mortgage, as security for payment on the above-described Note.

7. Plaintiff is the holder of the Note and Mortgage.

8. According to Wells Fargo's business records, payments have not been

made as required under the terms of the Note and Mortgage; the default on the loan has not been cured; and Plaintiff or its agent has accelerated the account, pursuant to the terms of the loan, making the entire balance due. As a result of the default on the loan and the acceleration of the debt, the total amount due to Plaintiff through 05/24/2012 is $221,795.94. * * *

9. Wells Fargo has advanced and/or may advance funds for the payment of reasonable and necessary real estate taxes, hazard insurance premiums, or otherwise for protection of the property, together with court costs and other expenses incident to this action, the total amount of which will be ascertainable at the time of the foreclosure sale in this matter.

10. Attached as exhibits are duplicate, true and accurate copies of the Note (Exhibit A) with any applicable indorsements and the Mortgage (Exhibit B) with any applicable Assignments (Exhibit C) as they appear in Wells Fargo's Bank, N.A. business records.

{¶ 6} Exhibit C to the affidavit is a copy of the Assignment of Mortgage and Note from Wells Fargo Bank to Freddie Mac. The assignment was executed on December 6, 2007.

{¶ 7} The trial court rendered summary judgment in favor of Freddie Mac. Trissell appeals.

**II. Because There Is Unrebutted Civ.R. 56(C) Evidence that Freddie Mac Is the Assignee**

**of the Mortgage, a Rebuttable Presumption Arises that Freddie Mac**

**Is Also the Assignee of the Note; Because this Presumption Was Not Rebutted, the Trial**

### Court Did Not Err in Finding Freddie Mac to Be the Holder of the Note

{¶ 8}   Trissell's sole assignment of error states as follows:

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR PLAINTIFF-APPELLEE, FEDERAL HOME LOAN MORTGAGE CORPORATION (FREDDIE MAC), WHICH LACKS STANDING TO SUE.

{¶ 9}   Trissell contends that Freddie Mac failed to demonstrate that it is the holder of the note securing the mortgage, thereby failing to prove that it had standing to bring this foreclosure action.  In support, he argues that Freddie Mac failed to submit any competent admissible evidence showing that it has possession of the note.

{¶ 10}   Summary judgment is proper only when the party moving for summary judgment demonstrates that: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in that party's favor. Civ.R. 56(C). This court reviews summary judgment de novo, meaning that we do so independently and without deference to the trial court's findings of fact. *GNFH, Inc. v. W. Am. Ins. Co.*, 172 Ohio App.3d 127, 2007-Ohio-2722, 873 N.E.2d 345, ¶ 16 (2d Dist.).

{¶ 11}   "To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due."

*Wright-Patt Credit Union, Inc. v. Byington*, 6th Dist. Erie No. E-12-002, 2013-Ohio-3963, ¶ 10, citing *U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 26. (Other citation omitted.) *Accord JP Morgan Chase Bank, N.A. v. Massey*, 2d Dist. Montgomery No. 25459, 2013-Ohio-5620, ¶ 20.

**{¶ 12}** The issue presented by this assignment of error is whether Freddie Mac met its burden on summary judgment of producing competent evidence to prove that it is the holder of the note and the assignee of the mortgage.

**{¶ 13}** Trissell does not take issue with the assignment of the mortgage from Wells Fargo to Freddie Mac. He argues that Freddie Mac did not demonstrate that it was the holder of the note, because there is no showing that the note was assigned to it or that it was in possession of the note.

**{¶ 14}** On this issue, the Eleventh District Court of Appeals, in *Federal Home Loan Mortgage Corporation v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423,¶ 36-37, has stated:

> Historically, Ohio courts have recognized that "the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered." *U.S. Bank Nat. Assn. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, ¶ 52 (7th Dist.), citing *Kuck v. Sommers*, 100 N.E.2d 68, 75, 59 Ohio Abs. 400 (1950). In recent years, Ohio courts have extended the application of this rule to situations in which the mortgage is assigned without an express transfer of the note. In *Bank of New York v. Dobbs*, 5th Dist. Knox No.2009-CA-000002, 2009-Ohio-4742, the Fifth Appellate District cited Section

5.4 of the Restatement III, Property in support of its analysis on the issue:

"The Restatement asserts as its essential premise * * * that it is nearly always sensible to keep the mortgage and the right of enforcement of the obligation it secures in the hands of the same party. This is because in a practical sense separating the mortgage from the underlying obligation destroys the efficacy of the mortgage, and the note becomes unsecured. The Restatement concedes on rare occasions a mortgagee will disassociate the obligation from the mortgage, but courts should reach this result only upon evidence that the parties to the transfer agreed. Far more commonly, the intent is to keep the rights combined * * *. Thus, the Restatement proposes that transfer of the obligation also transfers the mortgage and vice versa. Section 5.4(b) suggests [:] 'Except as otherwise required by the Uniform Commercial Code, a transfer of a mortgage also transfers the obligation the mortgage secures unless the parties to the transfer agree otherwise.' *Thus, the obligation [i.e., the note] follows the mortgage if the record indicates the parties so intended.*" (Emphasis added.) Id. at ¶ 28.

*See also*, *HSBC Bank USA v. Sherman*, 1st Dist. Hamilton No. C-120302, 2013-Ohio-4220, ¶ 15; *Wells Fargo Bank Nat'l Assn. v. Elliott*, 5th Dist. Delaware No. 13 CAE 03 0012, 2013-Ohio-3690, ¶ 20-23; *Bank of New York Mellon v. Matthews*, 6th Dist. Fulton No. F-12-008, 2013-Ohio-1707, ¶ 15; *U.S. Bank National Association v. Higgins*, 2d Dist. Montgomery No. 24963, 2012-Ohio-4086, ¶ 21, *remanded on other grounds*, 136 Ohio St.3d 1446, 2013-Ohio-3210, 993 N.E.2d 253.

{¶ 15} Copies of the note, the mortgage, and the assignment of the mortgage were

attached both to the complaint and to Miller's affidavit in support of the motion for summary judgment. The mortgage and the assignment thereof bear notary seals, which make them self-authenticating. *Lorain Cty. Bar Assn. v. Kennedy*, 95 Ohio St.3d 116, 766 N.E.2d 151 (2002); Evid.R. 902(8). The note makes reference to the mortgage, and the mortgage makes reference to the note. Furthermore, the assignment of mortgage specifically states that it is assigned along with the note. This cross-referencing between the instruments is sufficient to establish a rebuttable presumption of intent to convey both the mortgage and note to Freddie Mac. Trissell submitted no Civ.R. 56 evidence to rebut this presumption. Therefore, the trial court did not err in finding that Freddie Mac was the holder of the note. Trissell does not dispute that he is in default on the note.

{¶ 16} The trial court did not err in rendering summary judgment. Trissell's sole assignment of error is overruled.

### III. Conclusion

{¶ 17} Trissell's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

HALL, J., concurs.

DONOVAN, J., concurs in judgment only.

Copies mailed to:

Scott A. King
Jessica E. Salisbury-Cooper
Stanley L. Trissell, Jr.

[Cite as *Fed. Home Loan Mtge. Corp. v. Trissell*, 2014-Ohio-1537.]
Douglas Trout
Hon. Frances E. McGee