[Cite as *Chase Home Fin., L.L.C. v. Dunlap*, 2014-Ohio-3484.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

CHASE HOME FINANCE, LLC,  :     Case No. 13CA3409

     Plaintiff-Appellee,      :

v.                         :      <u>DECISION AND</u>
                                      <u>JUDGMENT ENTRY</u>
DAVID N. DUNLAP, II, ET AL.,  :

     Defendants-Appellants.   :     **RELEASED:  8/12/2014**

_____

APPEARANCES:

David N. Dunlap II and Sandra A. Dunlap, Chillicothe, Ohio, pro se appellants.

Daniel C. Gibson, Bricker & Eckler, LLP, Columbus, Ohio, for appellee.
_____
Harsha, J.

{¶1}   David and Sandra Dunlap appeal the trial court's decision to grant JPMorgan Chase Bank, N.A. ("JPMorgan"), the substitute plaintiff, summary judgment against the Dunlaps in a foreclosure action.  The Dunlaps first contend that the trial court erred in denying their motions to dismiss the foreclosure action because the original plaintiff, Chase Home Finance LLC ("Chase"), lacked standing to institute the action and neither Chase nor the successor plaintiff, JPMorgan, are real parties in interest.  The Dunlaps argue there is no evidence that the promissory note was negotiated to Chase or JPMorgan prior to the commencement of the foreclosure action.  Therefore, they contend dismissal was warranted regardless of whether Chase received an assignment of the mortgage before the filing of the complaint.

{¶2}   We reject this claim because even without separate written transfer of the note, the assignment of a mortgage is sufficient to transfer both the mortgage and the note if the evidence indicates that the parties intended to transfer both instruments.  The

record establishes that the parties to the assignment of mortgage intended that the note and mortgage remain together rather than being transferred separately.  Because Chase received an assignment of the mortgage and JPMorgan ultimately acquired both the mortgage and note by merger, both the standing doctrine and the real party in interest rule were satisfied.  The trial court correctly denied the Dunlaps' motions to dismiss.

{¶3}   The Dunlaps also argue that the trial court erred by granting JPMorgan's motion to substitute it as the party plaintiff for Chase.  They claim that JPMorgan was not a successor in interest to Chase because JPMorgan's motion did not contain an assignment of the mortgage from Chase to JPMorgan.  The Dunlaps' contention is meritless because the transfer of interest to JPMorgan occurred through the corporate merger rather than an assignment of the mortgage.

{¶4}   Finally, the Dunlaps argue that the trial court erred in ordering foreclosure by summary judgment.  Because the evidence established that Mr. Dunlap was in default on the note and breached the mortgage, the Dunlaps' argument is baseless. The Dunlaps' remaining claims, which challenge propriety of a discovery ruling and the denial of the Dunlaps' motion for leave to file supplemental memoranda, lack merit because even if the trial court committed error, it did not prejudice them.

{¶5}   Therefore, we overrule the Dunlaps' assignments of error and affirm the summary judgment entered by the trial court.

## I.  ASSIGNMENTS OF ERROR

{¶6}   The Dunlaps assign the following errors for our review:

1. Did the Court of Common Pleas err by overruling Defendants' Motion to Dismiss Complaint?

2. Did the Court of Common Pleas err by ruling to grant Motion to Substitute Party Plaintiff and substituting JPMorgan Chase Bank, N.A. successor by merger to Chase Home Finance LLC as Party Plaintiff?

3. Did the Court of Common Pleas err by ruling to deny Defendants' Motion to Dismiss Complaint as Not Brought by Real Party in Interest Pursuant to Ci[v].R. 17?

4. Did the Court of Common Pleas err by ruling to admit each Request for Admission set forth in the Request for Admissions Propounded upon Defendants as outlined by the Certificate of Service of Plaintiff's Discovery Request and Notice as to Matters Deemed Admitted filed on September 27, 2010?

5. Did the Court of Common Pleas err ruling to deny the Dunlaps' Notice of Not Receiving Plaintiff's First Set of Interrogatories, Request for Production of Documents and  Request for Admissions and Plaintiff's Discovery Request and Notice as to Matters Deemed Admitted and Plaintiff's Discovery Request and Matters Deemed Admitted? [sic]

6. Did the Court of Common Pleas err by ruling to deny Dunlaps' Motion for Leave to File Supplement to Memorandum Contra to Substitute Plaintiff's Renewed Motion for Summary Judgment?

7. Did the Court of Common Pleas err by granting Substitute Plaintiff's Renewed Motion for Summary Judgment?

## II.  LAW AND ANALYSIS

### A.  Standing and Real Party in Interest

{¶7}    In their first assignment of error the Dunlaps assert that because Chase lacked standing at the time it instituted the foreclosure action, the trial court erred by denying their motion to dismiss the complaint.  In their third assignment of error, the Dunlaps assert that the trial court erred by denying their motion to dismiss the case because Chase and JPMorgan were not real parties in interest.  Because the Dunlaps raise the same argument in both assignments, we consider them jointly.

**{¶8}**     Whether a party has established standing to bring an action before the court is a question of law, which we review de novo.  *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 23.  Parties must have standing for a court to decide the merits of a dispute.  *Utility Serv. Partners, Inc. v. Pub. Utilities Comm. of Ohio*, 124 Ohio St.3d 284, 2009-Ohio-6764, 921 N.E.2d 586, ¶ 49.  Because standing to sue is required to invoke the jurisdiction of the common pleas court, standing is determined at the commencement of the action; post-filing events cannot supply standing that did not exist at the time of the filing.  *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 24-26.

**{¶9}**     A party has standing to sue if it has a personal stake in the outcome of the controversy.  *Moore v. Middletown* , 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 21.  For foreclosure cases, standing revolves around whether the plaintiff seeking foreclosure has an interest in the note and/or mortgage at the time it filed suit.  *Schwartzwald* at ¶ 28.  In *Schwartzwald,* the mortgagee who sought foreclosure was neither an assignee of the mortgage nor a holder of the note the mortgage secured at the time it filed the complaint; it only became holder of both after the filing of the complaint.  The Supreme Court of Ohio held that because the mortgagee "failed to establish *an interest in the note or mortgage* at the time it filed suit, it had no standing to invoke the jurisdiction of the common pleas court."  *Id.*  (Emphasis added.)

**{¶10}** Based on the language used in *Schwartzwald* at ¶ 28, the Sixth, Seventh, Eighth, Tenth, Eleventh, and Twelfth District Courts of Appeals have all held that the plain language of the Supreme Court's opinion requires that a plaintiff in a foreclosure action establish an interest only in the note *or* the mortgage at the time the suit is filed.

*See Bank of New York Mellon v. Matthews*, 6th Dist. Fulton No. F-12-008, 2013-Ohio-1707, ¶ 11; *CitiMortgage, Inc. v. Loncar*, 7th Dist. Mahoning No. 11 MA 174, 2013-Ohio-2959, ¶ 15; *CitiMortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶ 21; *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶ 27; *Fed. Home Loan Mtg. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶ 24; *SRMOF 2009-1 Trust v. Lewis*, 12th Dist. Butler Nos. CA2012-11-239 and CA2013-05-068, 2014-Ohio-71, ¶ 16.

{¶11} Nevertheless, the First and Ninth District Courts of Appeals have held that the language used by the Supreme Court at ¶ 28 in *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, was not intended to decide the precise issue of whether standing in a foreclosure action could be established by proof that the plaintiff had an interest in both instruments because the mortgagee in that case admitted that it had an interest in neither the note or mortgage at the time it filed the foreclosure action. *HSBC Bank USA v. Sherman*, 1st Dist. Hamilton No. C-120302, 2013-Ohio-4220, ¶ 17 ("The question of whether standing can be achieved by the filing of either document with the complaint was not presented by the facts of the case and was not necessary to the resolution of the issue presented"); *BAC Home Loans Servicing, LP v. McFerren*, 9th Dist. Summit No. 26384, 2013-Ohio-3228, ¶ 11 ("It is apparent that the Ohio Supreme Court did not consider this precise issue in *Schwartzwald* given that the bank had conceded that it was not the holder of the note or mortgage").  These courts follow longstanding pre-*Schwartzwald* authority to hold that an entity must have an interest in the note and mortgage at the time the foreclosure action is commenced to have the requisite standing. *Id.*

**{¶12}** We need not delve into the conflict over whether an interest in both the note and mortgage is required, however, because Chase established that it had an interest in both at the time it filed its complaint in foreclosure.  The Dunlaps do not dispute that Chase had been assigned the interest in the mortgage before it filed its complaint.  The summary judgment evidence established that the original mortgagee, Midohio Mortgage Services, Inc. ("Midohio") assigned the mortgage on the Dunlaps' property to JPMorgan, who then assigned it to Chase, and that these assignments occurred before the complaint was filed.

**{¶13}** Instead, based on the unindorsed copy of their note to Midohio that was attached to Chase's complaint, the Dunlaps claim the note was never properly negotiated to Chase before the complaint was filed.  Therefore, they claim Chase did not have the requisite interest in the note to confer standing on it to sue.  This argument is meritless.  "[T]he assignment of a mortgage, without an express transfer of the note, is sufficient to transfer both the mortgage and the note if the record indicates the parties intended to transfer both the note and the mortgage." *LSF6 Mercury REO Investments v. Garrabrant*, 5th Dist. Delaware No. 13 CAE 06 0050, 2014-Ohio-901, ¶ 16.

**{¶14}** Historically, Ohio courts have recognized that the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered.  *Kernohan v. Manass*, 53 Ohio St. 118, 133, 41 N.E. 258 (1895) (mortgage is a mere incident of the debt represented by the note so a transfer of the note by the owner will transfer equitable ownership of the mortgage); *Wells Fargo Bank, N.A. v. Goebel*, 2d Dist. Montgomery No. 25745, 2014-Ohio-472, ¶ 12, and cases cited

therein ("Ohio courts have recognized that the mortgage automatically follows the note it secures").

{¶15} In recent years, Ohio courts have extended the application of this rule to situations in which the mortgage is assigned without an express transfer of the note as long as the evidence establishes that the parties so intended. *See Fed. Home Loan Mtge. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶ 36; *Fed. Home Loan Mtge. Corp. v. Trissell*, 2d Dist. Montgomery No. 25935, 2014-Ohio-1537, ¶ 14; *HSBC*, 1st Dist. No. C-120302, 2013-Ohio-4220, at ¶ 15. As the Fifth District Court of Appeals observed in *Bank of New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-4742, ¶ 28, this result is consistent with the principles set forth in Restatement of Law 3d, Property (Mortgages), Section 5.4 (1997):

> The Restatement asserts as its essential premise is that it is nearly always sensible to keep the mortgage and the right of enforcement of the obligation it secures in the hands of the same party. This is because in a practical sense separating the mortgage from the underlying obligation destroys the efficacy of the mortgage, and the note becomes unsecured. The Restatement concedes on rare occasions a mortgagee will disassociate the obligation from the mortgage, but courts should reach this result only upon evidence that the parties to the transfer agreed. Far more commonly, the intent is to keep the rights combined, and ideally the parties would do so explicitly. The Restatement suggests that with fair frequency mortgagees fail to document their transfers so carefully. Thus, the Restatement proposes that transfer of the obligation also transfers the mortgage and vice versa. Section 5.4(b) suggests "Except as otherwise required by the Uniform Commercial Code, a transfer of a mortgage also transfers the obligation the mortgage secures unless the parties to the transfer agree otherwise." Thus, the obligation follows the mortgage if the record indicates the parties so intended.

{¶16} Here, the note references the mortgage and the mortgage references the note. The assignments of the mortgage from Midohio to JPMorgan and from JPMorgan to Chase specified that the note was being transferred with the mortgage. Because the

record establishes that the parties to the assignment intended that the note and mortgage be transferred together, Chase established that it had standing to institute the foreclosure action, i.e. it had an enforceable interest in the note and mortgage at the time. *See Koch* at ¶ 40; *Trissell* at ¶ 15; *LSF6 Mercury REO Investments* at ¶ 18. And because of its uncontested evidence of merger, JPMorgan is the successor in interest to Chase and had standing to enforce its interests in the note and mortgage. *See U.S. Bank, N.A. v. Detweiler*, 191 Ohio App.3d 464, 2010-Ohio-6408, 946 N.E.2d 777, ¶ 31 (5th Dist.) (bank that merged with assignee of promissory note and mortgage could institute foreclosure action); *Wells Fargo Bank, N.A. v. Thatcher*, 11th Dist. Lake No. 2013-Ohio-030, 2013-Ohio-5828, ¶ 13-14.

{¶17} Based on these facts we also reject the Dunlaps' similar argument that neither JPMorgan nor Chase was a real party in interest because they did not have an interest in the note at the time the action was commenced. Civ.R. 17(A) governs the procedural requirement that a complaint be brought in the name of the real party in interest and provides that "every action shall be prosecuted in the name of the real party in interest." It also provides for joinder and substitution of the real party in interest for a prior named party.

{¶18} The real party in interest is one who is directly benefited or injured by the outcome of the case, rather than one who merely has an interest in the case. The real party in interest retains the substantive right to relief. *See Shealy v. Camp*bell, 20 Ohio St.3d. 23, 24-25, 485 NE2d 701 (1985) and *Airborne Express v. Systems Research Laboratories, Inc.*, 106 Ohio App.3d. 498, 511, 666 N.E.2d 584 (12th Dist.1995). In a mortgage foreclosure action the real party in interest is the current holder of the note

and mortgage, who may be different from the original holder due to assignments. *Washington Mutual Bank, F.A. v. Green*, 156 Ohio App.3d. 461, 2004-Ohio-1555, 806 N.E.2d 604, ¶16 (7th Dist.).  Meaningful distinctions between the real party in interest and standing are virtually nonexistent, as courts often interpret the two requirements synonymously.  Weissenberger's Ohio Civil Procedure Litigation Manual (2014) 156; *see, e.g., Schwartzwald* at ¶ 38 and *First Union Natl. Bank v. Hufford*, 146 Ohio App. 3d 673, 677, 767 N.E.2d 1205 (3rd Dist.2001).

**{¶19}**  In *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 38, the Supreme Court held that "a litigant cannot pursuant to Civ.R. 17(A) cure the lack of standing after commencement of the action by obtaining an interest in the subject of the litigation and substituting itself as the real party in interest."  Here Chase had standing because of the assignment of the interest in the mortgage and concomitant transfer of the interest in the note; and it also was the real party in interest to bring the foreclosure action.  When JPMorgan succeeded to Chase's interests after the merger, it was the real party in interest.

**{¶20}**  Because the trial court did not err by denying the Dunlaps' motions to dismiss the foreclosure action based on either a lack of standing or the claim that it was not instituted by a real party in interest, we overrule the Dunlaps' first and third assignments of error.

B.  Substitution of Party Plaintiff

**{¶21}**  In their second assignment of error, the Dunlaps claim that the trial court erred by substituting JPMorgan for the original plaintiff, Chase.  "A trial court's decision to substitute or join a party under Civ.R. 25(C) is reviewed for abuse of discretion."

*Texlon Corp. v. Smart Media of Delaware, Inc.*, 9th Dist. Summit Nos. 22098 and

22099, 2005-Ohio-4931, ¶ 131; *Argent Mtge. Co. v. Ciemins*, 8th Dist. Cuyahoga No.

90698, 2008-Ohio-5994, ¶ 9 ("This court uses the abuse of discretion standard of

review when determining whether the trial court erred in granting a motion to substitute

a party, under Civ.R. 25"). An abuse of discretion occurs when a decision is

unreasonable, arbitrary, or unconscionable. *State ex rel. Nese v. State Teachers*

*Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777, 991 N.E.2d 218, ¶ 25.

{¶22} Civ.R. 25(C) governs the substitution of parties upon a transfer of interest

and provides that "the action may be continued by or against the original party, unless

the court upon motion directs the person to whom the interest is transferred to be

substituted in the action or joined with the original party." JPMorgan filed a motion to be

substituted as the party plaintiff for Chase because it had merged with Chase and

JPMorgan was the surviving entity.

{¶23} The trial court did not act unreasonably, arbitrarily, or unconscionably in

granting JPMorgan's motion. The motion was supported by a certified copy of the

certificate of merger, which the Dunlaps do not challenge. Instead, the Dunlaps claim

that the trial court abused its discretion in granting JPMorgan's motion to be substituted

for Chase because the motion inadvertently referred to an assignment of mortgage that

was represented to be attached to the motion but was not. This mistaken reference in

JPMorgan's motion does not alter the fact that its attached merger documentation

provided a sufficient basis to grant the motion because JPMorgan had become the real

party in interest. *See Midwest Business Capital v. RFS Pyramid Mgt., LLC*, 11th Dist.

Trumbull No. 2011-T-0030, 2011-Ohio-6214, ¶ 21-25 (after merger of first bank, which

held liens securing its commercial loans, into the second back, trial court's recognition of second bank as real party in interest entitled to file a motion for summary judgment in a foreclosure action was proper given the interplay between Civ.R. 17(A) and 25(C)).

**{¶24}** Therefore, the trial court did not abuse its discretion in granting JPMorgan's motion for an order substituting it as the party plaintiff for Chase following the merger. We overrule the Dunlaps' second assignment of error.

### C. Summary Judgment

**{¶25}** In the Dunlaps' seventh assignment of error, they argue that the trial court erred in granting JPMorgan's renewed motion for summary judgment.

**{¶26}** Appellate review of summary judgment decisions is de novo, governed by the standards of Civ.R. 56. *Vacha v. N. Ridgeville*, 136 Ohio St.3d 199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶ 19. Summary judgment is appropriate if the party moving for summary judgment establishes that (1) there is no genuine issue or material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made. Civ.R. 56(C); *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶ 24; *Settlers Bank v. Burton*, 4th Dist. Washington Nos. 12CA36 and 12CA38, 2014-Ohio-335, ¶ 20.

**{¶27}** The moving party has the initial burden, by pointing to summary judgment evidence, of informing the trial court of the basis for the motion and identifying the parts of the record that demonstrate the absence of a genuine issue of material fact on the pertinent claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). Once the moving party meets this initial burden, the nonmoving party has the reciprocal

burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial.  *Id.*

**{¶28}**  The prerequisites for a party seeking to foreclose a mortgage include execution and delivery of the note and mortgage; default; and establishing an amount due.  *Fifth Third Mtge. Co. v. Rankin*, 4th Dist. Pickaway No. 10CA45, 2011-Ohio-2757, ¶ 15, quoting *First Natl. Bank of Am. v. Pendergrass*, 6th Dist. Erie No. E-08-048, 2009-Ohio-6399, ¶ 21; *Chase Home Finance, L.L.C. v. Heft*, 3d Dist. Logan Nos. 8-10-14 and 8-11-16, 2012-Ohio-876, ¶ 25.  JPMorgan supported its renewed motion for summary judgment with the previously submitted affidavit of Chase Vice President Mansfield and the subsequently submitted affidavit of JPMorgan Vice President Stahl.  With this evidence JPMorgan established that the note was executed by David Dunlap, that the mortgage was executed by the Dunlaps, that the note and mortgage were delivered to Midohio and ultimately to Chase and JPMorgan, that David Dunlap was in default of the note for failing to make payments, that he owed the principal sum of $83,370.72, plus interest, and that JPMorgan was entitled to foreclose on the Dunlaps' mortgage that provided security for the note.

**{¶29}**  In their memorandum in opposition to JPMorgan's renewed motion for summary judgment, the Dunlaps claimed:  (1) because JPMorgan was a nonparty to the note, it had no right to enforce it; (2) the Mansfield affidavit conflicted with the note attached to Chase's complaint; (3) JPMorgan had not filed the supplemental affidavit referred to in its motion; (4) JPMorgan misstated bankruptcy law; and (5) the Dunlaps were not in default under the terms of the note and mortgage.  They attached an affidavit that stated in conclusory terms they were not in default under the terms of the

note and mortgage and they did not owe any money to JPMorgan.  In their motion for leave to file a supplement to their memorandum in opposition, they claimed that JPMorgan filed the supplemental affidavit of Vice President Stahl without leave of court and they further claimed that JPMorgan had presented three different, inconsistent copies of the original note, with the last two containing indorsements that were not contained in the copy attached to the complaint.

{¶30}  The Dunlaps claim that the trial court erred in granting the renewed motion for summary judgment because the evidence reveals multiple genuine issues of material fact.  But the Dunlaps waived most of these claims because they did not raise them in their memoranda in opposition to JPMorgan's motion.  "Failure to raise arguments, affirmative defenses, and objections to evidence in opposition to summary judgment will constitute waiver of such arguments." *Zealler v. F & W Properties*, 10th Dist. Franklin No. 99AP-1215, 2000 WL 1015345, *5 (Jul. 25, 2000).  And even if they had, they failed to submit countervailing Civ.R. 56(E) summary judgment evidence setting forth specific facts showing a genuine issue of material fact.

{¶31}  The Dunlaps did not waive the arguments about the alleged inconsistencies in the notes submitted by Chase and JPMorgan and their claim that they were not in default of the note and mortgage.  However, there were no inconsistencies in the notes; rather, the copies of the notes submitted after the case was instituted showed indorsements that were made after the case was filed and other notations related to things like facsimile and record transmission, which did not affect the authenticity or the efficacy of the instruments.  As indicated previously, the unindorsed note when coupled with the mortgage established that Chase, and

ultimately JPMorgan, had the requisite standing to enforce them. And the Dunlaps'

conclusory statement in their affidavit that they were not in default was insufficient to

establish a genuine issue of material fact where JPMorgan's supporting affidavits

established that David Dunlap had defaulted on the note by failing to make payments on

the note beginning in March 2010. "Mere speculation and unsupported conclusory

assertions are not sufficient" to meet the nonmovant's reciprocal burden under Civ.R.

56(E) to withstand summary judgment. *Loveday v. Essential Heating Cooling &*

*Refrigeration, Inc.*, 4th Dist. Gallia No. 08CA4, 2008-Ohio-4756, ¶ 9.

{¶32} Therefore, the trial court did not err in granting JPMorgan's renewed

motion for summary judgment. JPMorgan met its burden pursuant to Civ.R. 56(C) of

establishing its entitlement to foreclosure, and the Dunlaps did not set forth specific

facts in rebuttal showing a genuine issue of material fact. We overrule the Dunlaps'

seventh assignment of error.

### D. Remaining Claims

{¶33} In their fourth assignment of error, the Dunlaps assert that the trial court

erred by ruling to admit each of Chase's requests for admissions. In their fifth

assignment of error, they claim that the trial court erred by rejecting their "notice" that

they had not received or been served with the requests for admissions that the court

deemed admitted when they did not timely answer them.

{¶34} We need not address these related assignments because "in order for us

to reverse the trial court's judgment, the error must be prejudicial." *Russell v. Gallia Cty.*

*Loc. School Bd.,* 80 Ohio App.3d 797, 800, 610 N.E.2d 1130 (4th Dist.1992), citing

Civ.R. 61 ("The court at every stage of the proceeding must disregard any error or

defect in the proceeding which does not affect the substantial rights of the parties"). To determine whether a substantial right has been affected, the reviewing court must decide whether the trier of fact would have reached the same decision had the error not occurred. *Valentine v. PPG Indus., Inc.*, 158 Ohio App.3d 615, 2004-Ohio-4521, 821 N.E.2d 580, ¶ 60. Because JPMorgan was entitled to summary judgment without the consideration of any alleged admissions the Dunlaps wish to avoid, any error by the trial court in deeming the requests admitted was harmless.

{¶35} In their sixth assignment of error, the Dunlaps assert that after JPMorgan submitted a supplemental affidavit, the trial court erred in denying their motion for leave to file a supplement to their memorandum in opposition to JPMorgan's renewed motion for summary judgment. If, however, the trial court had considered their proposed supplemental memorandum, it would have reached the same conclusion and entered summary judgment in favor of JPMorgan. The Dunlaps did not seek a continuance under Civ.R. 56(F) to submit additional evidence in response. Instead, they complained that the evidence was filed outside the trial court's schedule. Although this is true, JPMorgan's renewed motion specified that it would be submitting the supplemental affidavit and their memorandum in support of the motion specified what the affidavit contained, which was comparable to the prior affidavit submitted with Chase's earlier motion for summary judgment. Their substantive argument in the supplemental memorandum against the affidavit reiterates the Dunlaps' meritless argument concerning inconsistent versions of the promissory note.

{¶36} Because the Dunlaps are unable to establish prejudicial error in their fourth, fifth, and sixth assignments of error that would result in a reversal of the summary judgment, we overrule these assigned errors.

III.  CONCLUSION

{¶37} The trial court properly entered summary judgment in favor of JPMorgan in its foreclosure action against the Dunlaps.  Having overruled the Dunlaps' seven assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**